UNITED STATES, Respondent

v

CIPRIANO SCHULTZ GARCIA, Private First Class,
U. S. Army, Petitioner

18 USCMA 5, 39 CMR 5

No. 20,903

November 1, 1968

*Captain Douglas J. Wold* argued the cause for Petitioner. With him on the brief were *Colonel Daniel T. Ghent* and *Captain John Wall Hanft.*

*Captain Harvey L. Anderson* argued the cause for Respondent. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain Gregory U. Evans.*

## Opinion of the Court

QUINN, Chief Judge:

The present application seeks reconsideration of an earlier denial of a petition for grant of review of a decision by a board of review affirming findings of guilty made by a general court-martial and approving a sentence extending to a dishonorable discharge and confinement at hard labor for four years. The petition was denied April 1, 1968, 17 USCMA 666, 38 CMR 441. See United States v Frischholz, 16 USCMA 150, 36 CMR 306. The application is based upon our decision in United States v Bearchild, 17 USCMA 598, 38 CMR 396, in which this Court applied the rule promulgated by the Supreme Court of the United States in Harrison v United States, 392 US 219, 20 L Ed 2d 1047, 88 S Ct 2008 (1968), to the effect that the Government must establish on the record that in-court testimony by the accused is not compelled by the erroneous admission into evidence of a pretrial confession.

*Bearchild* was decided subsequent to the denial of the accused's petition for

grant of review. As a result, the Government contends *Bearchild* is not retroactive and does not provide any basis for relief to this petitioner. See Johnson v New Jersey, 384 US 719, 16 L Ed 2d 882, 86 S Ct 1772 (1966). We need not decide the merits of that contention.

A review of the proceedings in this Court indicates that Bearchild's petition for grant of review was pending at the same time as this petitioner's. The two petitions alleged the same error, which had been raised in each case before the board of review. It further appears that we acted in the petitioner's case only three days before our final consideration of Bearchild's petition for grant of review resulted in our decision to consider the issue in light of the recent expansion of constitutional doctrine. In these circumstances, we believe the petitioner is entitled to the same review as was accorded Bearchild.

The present petition, treated as a petition for reconsideration, is granted. As in *Bearchild,* supra, the decision of the board of review is reversed and the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.