DAVID E. BRANT, Private, U. S. Army, Petitioner

v

UNITED STATES, Respondent

19 USCMA 493, 42 CMR 95

Miscellaneous Docket

No. 70-23

June 19, 1970

*Captain Thomas R. Maher* argued the cause for Petitioner. With him on the brief was *Colonel Daniel T. Ghent.*

*Captain Glenn R. Bonard* argued the cause for Respondent. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain William R. Steinmetz.*

## Opinion of the Court

FERGUSON, Judge:

The petitioner requests reconsideration of this Court's denial of his earlier petition for grant of review, on the ground that some of the offenses of which he was convicted, specifically Additional Charges III and IV, were within that category of cases declared in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), to be outside the jurisdiction of a court-martial. See United States v Borys, 18 USCMA 547, 40 CMR 259 (1969). In addition, petitioner calls our attention to the fact that the offenses alleged and described in the specifications of Additional Charges III and IV were committed "in conjunction with James M. Chandler," whose conviction of these same offenses was set aside by this Court on the ground that they were not triable by court-martial by virtue of the Supreme Court's holding in O'Callahan v Parker, supra. United States v Chandler, 18 USCMA 593, 40 CMR 305 (1969).

The original petition for grant of review was filed with this Court on November 15, 1968, and denied by order

**493**

dated December 12, 1968. Chandler submitted his petition on December 11, 1968, and action thereon was withheld pending the outcome of O'Callahan v Parker, supra, which was then being considered by the Supreme Court. On the basis of the *O'Callahan* opinion, Chandler's conviction of the civilian type offenses was reversed. United States v Chandler, supra.

The publication of the general court-martial order on December 31, 1968, finalized Brant's conviction. Article 76, Uniform Code of Military Justice, 10 USC § 876. And in Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970), a majority of this Court held that the *O'Callahan* decision will be applied only to those convictions that were not final before June 2, 1969, the date of that decision. There are in this case, however, other considerations which dictate an exception to the application of *Mercer*.

In United States v Garcia, 18 USCMA 5, 39 CMR 5 (1968), under circumstances substantially identical to those present in this case, this Court held that whenever two or more cases presenting the same issue are pending review at the same time, each is entitled to the same review and, necessarily, the same result. Brant and Chandler were convicted of identical offenses. In fact, the specifications alleged that they acted in concert. The two petitions for review were present in this Court at the same time. In these circumstances, we believe that Brant is entitled the same review as was accorded Chandler (United States v Garcia, supra) and reversal of his conviction of Additional Charges III and IV is required. United States v Chandler, supra.

It should be made clear at this point that nothing in this opinion is to be considered as a dilution of our opinion in Mercer v Dillon, supra, with regard to the prospective application of *O'Callahan*.

The petition for reconsideration is granted. The findings of guilty of Additional Charges III and IV are set aside and the charges and their specifications are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty or a rehearing on sentence may be ordered.

Chief Judge QUINN and Judge DARDEN concur.