UNITED STATES, Appellee

v

DENNIS R. BINKLEY, Private, U. S. Marine Corps, Appellant

19 USCMA 494, 42 CMR 96

No. 22,534

June 19, 1970

■■■■■■■■■■■■■■■■

*Lieutenant Martin A. Selzer*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, and *Commander Michael F. Fasanaro, Jr.*, JAGC, USN, were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Among other offenses, the accused pleaded guilty to specifications alleging a violation of Title 18, United States Code, §§ 871 and 1461 (Charge II), by depositing in the United States mail a letter, directed to the President of the United States, which letter contained obscene matter and a threat to the President. Both specifications were charged under Article 134, Uniform Code of Military Justice, 10 USC § 934. On December 15, 1969, this Court denied his petition for review. On March 20, 1970, we rendered our decision in United States v Williams, 19 USCMA 334, 41 CMR 334. Appellate defense counsel now requests that we reconsider our previous denial of Binkley's petition on the ground that since Williams and Binkley were co-actors in the above described offenses our holding in Williams should apply to Binkley as well. The Government agrees that the final judgment in Binkley should be consistent with that in *Williams* and does not contest the motion.

In this case, as in *Williams,* the record reflects that Binkley, Williams, and one Newman, while incarcerated in the base brig, jointly composed the letter to the President which contained the complained-of language. While the letter was still in the possession of brig personnel, Binkley and Williams had a change of heart and attempted to retrieve it. Their appeal to the brig sergeant and the captain was refused on the ground that only Newman could get the letter back as it bore his name on the outside. Newman declined to withdraw it. Williams, too, pleaded guilty to the same charge and specifications. Since, under the above-stated facts, we found in *Williams* that there was considerable doubt whether the crime was complete when the attempt was made to withdraw from the criminal venture, we held Williams' plea of guilty to have been improvidently entered and reversed his conviction. The same result should follow in this case.

The motion for appropriate relief is granted. The decision of the Court of Military Review approving the findings of guilty of specifications 1 and 2 of Charge II is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty or a rehearing may be ordered.