RAYMOND J. STANTEN, Major (formerly Stankevicius),
U. S. Army, Petitioner

v

UNITED STATES, Respondent

21 USCMA 431, 45 CMR 205

Miscellaneous Docket No. 72–17

June 1, 1972

## Memorandum Opinion of the Court

Following affirmance of petitioner's sentence by the United States Army Court of Military Review, petitioner filed his petition for review in this Court. That petition was denied December 8, 1971. A motion for reconsideration was denied December 27, 1971. (Docket No. 24,718.)

Petitioner has now filed a "Petition for Reconsideration or Petition for Writ of Error Coram Nobis or Other Extraordinary Relief Pursuant to 28 USC § 1651(a)." He contends that the case of United States v Eason, 21 USCMA 335, 45 CMR 109, decided April 21, 1972, was pending before this Court when his petition was denied and that the severance of the attorney-client relationship condemned in *Eason*, supra, is indistinguishable from the circumstances under which that relationship was severed in his case. Consequently, he contends, under the equal-treatment doctrine of United States v Brant, 19 USCMA 493,

42 CMR 95 (1970), the decision in his case should be reconsidered and the conviction set aside.

In *Eason*, after completion of many of the pretrial preparations, numerous material witnesses and both the trial counsel and individual military counsel were rotated to the United States from Vietnam, while the accused was undergoing extensive psychiatric examination at the Naval Hospital, Philadelphia, Pennsylvania. Because of these transfers, responsibility for the processing of charges against the accused was transferred to the Commanding General, Marine Corps Base, Quantico, Virginia. The latter referred the charges to a general court-martial, to which the original trial counsel was detailed in the same capacity. Accused's request for the assignment of his originally assigned military defense counsel, then stationed at Camp Pendleton, California, was denied on the basis of unavail-

**431**

ability. The Court of Military Review held that under the circumstances of that case, severance of a bona fide attorney-client relationship was not warranted. We sustained that conclusion.

In the instant case, prior to the assignment of original counsel, the latter was notified that his observation tour would not be extended and that he would not be retained on active duty beyond the term of his obligated service. Thereafter, he was assigned as counsel for this petitioner and represented him throughout the pretrial stages of the proceedings. Before the case was ready for trial, military counsel was required to return to the United States for separation in accordance with the orders referred to above, despite his expressed willingness to extend his period of service. When the court-martial convened nine days after counsel's departure, petitioner was represented by individual civilian counsel, and another requested military counsel. A defense request for continuance to ascertain the availability of the originally requested counsel was denied.

The distinction between the circumstances of this case and of the *Eason* case is both clear and substantial. Here, counsel's term of service ended in accordance with a decision made prior to the creation of the attorney-client relationship. In *Eason*, however, all parties at interest remained on active duty subject to military orders and assignments.

Thus, the circumstances do not warrant reconsideration or other extraordinary relief.

Accordingly, the petition is dismissed.