Roger D. SCHMELTZ, Corporal, U. S. Marine Corps, Petitioner,

v.

UNITED STATES, Respondent.

No. 29,110.

U. S. Court of Military Appeals.

Jan. 30, 1976.

**274**

Lieutenant Commander Jeffrey H. Bogart, JAGC, USN, was on the pleadings for Petitioner.

Lieutenant Colonel P. N. Kress, USMC, and First Lieutenant Ronald J. Waicukauski, USMCR, were on the pleadings for Respondent.

## OPINION OF THE COURT

### PER CURIAM:

By our decision in this case[1] dated April 11, 1975, we ruled that the Navy Court of Military Review did not err in holding that the condition in the petitioner's pretrial agreement requiring him to request sentencing by military judge was valid under the circumstances of that case. On July 23, 1975, we granted a petition for writ of error coram nobis to reexamine[2] our disposition of his case in light of our subsequent decision in United States v. Holland, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). In addition to the provision above referenced, the petitioner's pretrial agreement with the convening authority contained a clause identical to that condemned in Holland. As such, a fate similar to that which befell that conviction must result here.[3]

Upon further examination, our earlier opinion herein is affirmed. However, based upon the principles enunciated in United States v. Holland, supra, the decision of the United States Navy Court of Military Review is reversed, and the findings and sentence are set aside. The record is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

### COOK, Judge (dissenting):

The circumstance that impels me to disagree with the majority is that the accused had full opportunity to interpose motions of the kind presumably foreclosed by the pretrial agreement. As we pointed out in our earlier opinion, after arraignment the accused moved to suppress a pretrial statement made by him. United States v. Schmeltz, 23 U.S.C.M.A. 377, 50 C.M.R. 83, 1 M.J. 8 (1975). When that motion was denied, the defense counsel announced he had no further motions and the accused entered a plea of not guilty. Trial was then continued because of the absence of a Government witness.

During the continuance, the accused and his counsel initiated an offer to plead guilty to four of the eight offenses charged. The offer was accepted by the convening authority. When the trial resumed, the judge

1. United States v. Schmeltz, 23 U.S.C.M.A. 377, 50 C.M.R. 83, 1 M.J. 8 (1975).

2. Brant v. United States, 19 U.S.C.M.A. 493, 42 C.M.R. 95 (1970).

3. There is no indication in the record whether the defense counsel's "no further motions" statement at the second hearing, relied on so heavily by the dissenting judge, was generated by the actual lack of motions or by the restrictive provision in the newly negotiated pretrial agreement prohibiting such motions. We will not speculate. Under such circumstances, our decision in Holland is controlling.

was apprised of the agreement. His inquiry into the circumstances of its preparation and some of its conditions led us to conclude there was "not the slightest indication . . . that the accused's agreement or any of its terms originated with the convening authority or any agent of the Government." *Id.* at 379, 50 C.M.R. at 85, 1 M.J. at 11. Before acceptance of the change of plea from not guilty to guilty, the following colloquy was had between the trial judge and defense counsel:

MJ: Now, while you have been arraigned, I'll ask you once again, do you have any further motions to make at this time?

DC: Your Honor, we have no further motions to make at this time.

The change of plea did not expunge from the record all that had previously transpired in the case. *Cf. United States v. Smith,* 16 U.S.C.M.A. 274, 276, 36 C.M.R. 430, 432 (1966). From the totality of what did transpire, I conclude that both before and after the plea, the accused and his counsel, like the accused and defense counsel in *United States v. Elmore,* 1 M.J. 262 (Jan. 16, 1976), did not regard the provisions of the agreement as inhibiting the defense in the presentation of any motion that it desired. I would, therefore, deny relief under the petition for writ of error coram nobis and adhere to our earlier affirmance.