**UNITED STATES**

**v.**

**Private (E–1) Thomas F. FOXWORTH, 404–78–5636, US Army, Headquarters and Headquarters Company, 49th Ordnance Group, APO New York 09227.**

**CM 430728.**

U. S. Army Court of Military Review.

Sentence Adjudged 13 Nov. 1973.

Decided 10 Feb. 1976.

## ON MOTION FOR APPROPRIATE RELIEF IN THE NATURE OF CORAM NOBIS

## MEMORANDUM OPINION OF THE COURT

COSTELLO, Judge:

Certain appellate defense attorneys moved this Court for permission to file a "Petition in the Nature of a Petition for Writ of Error *Coram Nobis*" on behalf of one Private Thomas F. Foxworth. Foxworth's conviction, pursuant to his plea of guilty, of possession of heroin and related paraphernalia was affirmed by this Court on June 17, 1974. He declined to petition the Court of Military Appeals four days later, and the final order in his case was published on June 27, 1974. By order of the Secretary of Army, a General Discharge was then substituted for the Bad-Conduct Discharge included in his approved sentence. To this date Foxworth has not participated in any of the actions undertaken by the attorneys now before the Court.

We have granted several motions routine in our practice in order to reach a joinder of issues following the original motion for leave to file the Petition. All of those grants are herewith vacated and we deal now with the motion for leave to file. That motion is denied.

■ The first ground for our denial lies in the absence of a Petitioner. The proceedings against Foxworth became final in the sense of Article 76, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 876, as described above. *United States v. Enzor*, 42 C.M.R. 699 (A.C.M.R. 1970). That finality exhausted the ordinary authority of appellate defense counsel pursuant to Article 70, UCMJ, 10 U.S.C. § 870, to act for an accused upon his request, and there has been no special designation of counsel by The Judge Advocate General under Article 70(e), UCMJ, or any other proper authority. The purpose of counsel's original relationship with Foxworth having terminated, so did the relationship. Paragraph D–3a(3), Appendix D, AR 27–10.

We find no direct precedent in our practice or in federal criminal practice descriptive of the effort of counsel before us. However, in the closely related civil practice under FRCP, Rule 60b, it is clear that "third parties are not permitted to come into court and ask that proceedings, completed according to the forms of law, be vacated . . . ." *Karnegis v. Schooler*, 57 F.Supp. 178 (N.D.Tex.1944); *Ratner v. Bakery and Confectionery Workers Union*, 129 U.S.App.D.C. 305, 394 F.2d 780 (1968); *Screven v. United States*, 207 F.2d 740 (5th Cir. 1953); 7 Moore's Federal Practice 241.

A view of counsel before us as volunteers or interlopers is not inconsistent with either civilian or military appellate criminal practice. We are not concerned with a Sixth Amendment right to counsel in these ancillary proceedings, although in some circumstances a Fifth Amendment, due process right may arise when the proceedings are regularly begun. *See Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Johnson v. United States*, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957); and 2 Wright, Federal Practice and Procedure 635, 636. However, the UCMJ and *Manual* are quite clear on how due process is to occur for persons subject to the Code during and after the first, automatic appeal provided by the Code. For example, the military accused must request appellate counsel, Article 70, UCMJ, 10 U.S.C. § 870; he must request a new trial personally, and specifically not by his survivors, *Id*, Article 73, 10 U.S.C.A. § 873; and he must take the initiative concerning a determination of grounds for petition to the Court of Military Appeals, indeed, he may insist on proceeding contrary to the advice of counsel. Paragraph 102b, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)). As to ancillary proceedings, the obligation is again on the accused. For

example, it is he who must prompt appellate counsel to file a clemency petition. Paragraph D–3b(2), Appendix D, AR 27–10. Clearly, no obligation to institute such proceedings as this reposes in former counsel, *sua sponte*. As with their civilian counterparts, they must first be retained. *See* ABA Code of Professional Responsibility, EC 7–7 and ABA Standards Relating to Post Conviction Remedies, Standard 4–4. (These apply to Army counsel. Paragraph D–1, Appendix D, AR 27–10.)

 Our examination of this case impels statement of a second, substantive basis for denial of the motion, this in the interest of economy. In military practice the writ of error *coram nobis* may be employed to reopen a final case because of a subsequent change in the law. Thus, in *Del Prado v. United States,* 23 U.S.C.M.A. 132, 48 C.M.R. 748 (1974), relief was granted after the Court of Military Appeals had decided that the decision in *United States v. Dean,* 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970) was retroactive to a date earlier than that of the finality of Del Prado's conviction. (The decision on retroactivity of the jurisdictional requirement was *Belichesky v. Bowman,* 21 U.S.C.M.A. 146, 44 C.M.R. 200 (1972)). *See also Asher v. United States,* 22 U.S.C.M.A. 6, 46 C.M.R. 6 (1972); *United States v. Yelverton,* 26 C.M.R. 586 (ABR 1958).

 Counsel's claim for relief here is founded on the decision in *United States v. Holland,* 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975), which overturned as contrary to public policy a provision in a negotiated plea agreement similar to one signed by *Foxworth.* The *Del Prado* analogy is, however, inapposite. The Court of Military Appeals has limited the retroactive effect of its *Holland* decision to those identical cases "pending review at the same time." *Schmeltz v. United States,* 1 M.J. 273 (January 30, 1976), *Citing Brant v. United States,* 19 U.S.C.M.A. 493, 42 C.M.R. 95 (1970). As noted above, the *Foxworth* case became final in July 1974; the petition to the Court of Military Appeals in *Holland* was not granted until November 13, 1974. We take that date to be the earliest point for the retroactive application of *Holland*; patently, *Foxworth* was not "pending review at the same time." *See United States v. Draughon,* 42 C.M.R. 447 (A.C.M.R. 1970); *United States v. Enzor, supra*; and *United States v. Coppola,* 44 C.M.R. 801 (A.C.M.R. 1971).

Accordingly, the motion of counsel is denied.

Senior Judge CLAUSE and Judge DONAHUE concur.