Ronald BROOKS, 321–34–8861 Formerly Specialist Four, U. S. Army, Petitioner,

v.

UNITED STATES, Respondent.

CM 431967.

U. S. Army Court of Military Review.

Sentence Adjudged 22 March 1974.

Decided 25 Feb. 1976.

Appellate counsel for Petitioner: CPT R. Stuart Broom, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Clement L. Hyland, JAGC; CPT James R. Anthony, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## ON PETITION FOR WRIT OF ERROR CORAM NOBIS OPINION OF THE COURT

JONES, Senior Judge:

This case comes before us for the second time as a result of military appellate defense counsel's filing a Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis on behalf of petitioner who has been separated from the Army. Petitioner was convicted on 22 March 1974 of two drug offenses charged under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, after pleading guilty pursuant to a pretrial agreement. This Court reviewed the case pursuant to Article 66, UCMJ, and after considering the errors raised by military appellate counsel, affirmed the findings and sentence on 25 March 1975. Petitioner was served with the decision, but chose not to pursue his cause to the United States Court of Military Appeals as no petition for a grant of review was filed with that tribunal.

Subsequently, on 11 August 1975, military appellate counsel [1] filed the instant petition asking this Court to reverse its previous affirmance despite the finality which had attached pursuant to Article 76, UCMJ.

---

1. Including one of the attorneys earlier detailed to represent petitioner during review of his case pursuant to Article 66, UCMJ.

Relying on *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975), decided after our review of this case, appellate defense counsel argue that this Court should reverse petitioner's conviction because the pretrial agreement here contains the same provision condemned by *Holland*.[2] The Government through its counsel asserts various bars to the extraordinary relief prayed for by petitioner. In order to dispose of the instant writ we must scrutinize appellate defense counsel's authority to act, find jurisdiction in this Court to entertain the petition and finally determine whether the underlying error raised warrants remedial action.

I

The Government contends that those military attorneys who have entered their appearances and filed pleadings for petitioner are interlopers before this Court. In support thereof, it points to petitioner's civilian status[3] and to the fact that there has been no showing that petitioner himself initiated or authorized the filing of these pleadings. Counsel rely for their authority to act upon the earlier signed request by petitioner for counsel before the Court of Military Review and the designation of counsel by The Judge Advocate General pursuant thereto.

We find that petitioner is entitled to appellate military representation in this case and such counsel are authorized to file this action even though petitioner had been separated from the service at the time the writ was filed[4] and even though no new request for appellate representation has been submitted.

We attach major significance to petitioner's earlier request for appellate representation and the fact that counsel raised the pretrial agreement issue during initial review. Also crucial to our decision is the proximity in time of our original decision adverse to petitioner (25 March 1975); the Court of Military Appeals decision in *Holland* (27 June 1975); and the filing of the instant petition for extraordinary relief (11 August 1975).[5] Under these circumstances the earlier request and appointment contemplated authority sufficient to encompass the current representation.[6] To deny petitioner the services of the very same attorney previously detailed to represent him would be contrary to our views concerning the attorney-client relationship and Congressional intent with regard to appellate representation. *See* Article 70(c)(1), UCMJ; *United States v. Catt*, 23 U.S.C.M.A. 422, 50 C.M.R. 326, 1 M.J. 41 (1975); *United States v. Darring*, 9 U.S.C.M.A. 651, 26 C.M.R. 431 (1958).

2. Counsel for Brooks attacked the validity of the pretrial agreement in a supplemental assignment of error during our earlier consideration of this case.

3. Petitioner was honorably discharged prior to our initial affirmance.

4. *United States v. Draughon*, 42 C.M.R. 447, 448 (A.C.M.R.1970), at n. 2.

5. We decline to speculate as to our decision if any of the circumstances present here were absent. This holding in no way is intended to indicate that an accused acquires a never-ending right to military counsel to assist him in efforts to overturn his military conviction. *See United States v. Foxworth*, 51 C.M.R. 812, 2 M.J. 508 (A.C.M.R.1976); Appendix D, Army Regulation 27–10.

6. The American Bar Association Standards for Criminal Justice relating to the Prosecution Function and the Defense Function lend support to the proposition that counsel's responsibility did not end with this Court's decision in the case. Standard 8.5, the Defense Function, provides:

"Post-conviction remedies.

After a conviction is affirmed on appeal, appellate counsel should determine whether there is any ground for relief under other post-conviction remedies. If there is a reasonable prospect of a favorable result he should explain to the defendant the advantages and disadvantages of taking such action. Appellate counsel is not obligated to represent the defendant in a post-conviction proceeding unless he has agreed to do so. In other respects the responsibility of a lawyer in a post-conviction proceeding should be guided generally by the standards governing the conduct of lawyers in criminal cases."

## II

█ The authority or power of this Court to act on an extraordinary writ under the All Writs Act[7] has also been challenged by government counsel. Although this authority has been questioned,[8] we believe it is now firmly established. In *United States v. Draughon*, 42 C.M.R. 447 (A.C.M.R.1970), this Court, sitting en banc stated:

"The exercise of extraordinary power in the nature of coram nobis which we are called upon to assert involves no more than a court reconsidering its own acts to avoid a manifest miscarriage of justice. Today, we will assert that authority in the petitioner's case before us because we find that we have inherent power and authority to consider the petition and we are empowered on good cause shown to grant the extraordinary relief sought or to take any other act necessary or appropriate in aid of the expressed jurisdiction conferred on us by Congress in 10 U.S.C. § 866." 42 C.M.R. at 453.

More recently, the power asserted in *Draughon* was recognized by the Court of Military Appeals in *Kelly v. United States*, 23 U.S.C.M.A. 567, 50 C.M.R. 786, 1 M.J. 172 (1975). In disposing of that case, the Court returned the petition for extraordinary relief to this Court with direction to us to exercise our extraordinary writ authority. That case removes any lingering doubt that might exist as to this Court's jurisdiction to consider an appropriate petition for extraordinary relief.

## III

Having disposed of the threshold issues of counsel's authority to act and this Court's power to entertain the petition, we turn to the petition itself. First, we will examine what is necessary before a petition for writ of error coram nobis will lie.

In an early announcement of authority under the All Writs Act, the Court of Military Appeals in *United States v. Frischolz*, 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966), stated:

"[Coram nobis] is extraordinary relief predicated upon 'exceptional circumstances' not apparent to the court in its original consideration of the case." 16 U.S.C. M.A. at 153, 36 C.M.R. at 309.

The "exceptional circumstance" in this case is the intervening decision in *United States v. Holland, supra,* which struck down a widely employed form of pretrial agreement.

█ When the exceptional circumstance alleged is, as here, a subsequent court decision, that decision must necessarily have retroactive application or extraordinary relief will be denied. *Belichesky v. Bowman*, 21 U.S.C.M.A. 146, 44 C.M.R. 200 (1972); *Mercer v. Dillon*, 19 U.S.C.M.A. 264, 41 C.M.R. 264 (1970). Applying the factors to be balanced concerning retroactivity announced in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1961, 18 L.Ed.2d 1199 (1967), we conclude that the *Holland* decision should be given retroactive effect. The Court of Military Appeals has implicitly reached the same conclusion. *United States v. Schmeltz*, 24 U.S.C.M.A. 377, 50 C.M.R. 83, 1 M.J. 8 (1976). We further conclude that *Holland* should be applied retroactively to all cases where the improper agreement was employed and relief should not be denied to this petitioner because his case was originally reviewed prior to the *Holland* decision.[9]

After considering what is necessary for coram nobis to lie, we will mention certain matters that are not necessary. First, it is not necessary for the accused to have petitioned the United States Court of Military

---

**7.** 28 U.S.C. § 1651. Writs.

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

**8.** *See Combest v. Bender*, 43 C.M.R. 899 (C.G. C.M.R.1971).

**9.** This form of agreement originated with an article in "The Army Lawyer" in October 1973. Complete retroactive application of *Holland* should not affect cases antedating that publication. *Compare Belichesky v. Bowman*, and *Mercer v. Dillon, both supra.*

Appeals for a grant of review of this Court's original decision. *Belichesky v. Bowman, supra; United States v. Draughon, supra.* Second, the error need not have been raised in the previous review of the case. *Del Prado v. United States,* 23 U.S.C.M.A. 132, 48 C.M.R. 748 (1974); *Gallagher v. United States,* 22 U.S.C.M.A. 191, 46 C.M.R. 191 (1973). Moreover, we find no basis for the Government's contention that the underlying error must be jurisdictional. Scrutiny of the opinions cited by the Government discloses only that errors of that nature were present. Those cases do not purport to hold that a jurisdictional defect is a prerequisite to the Court's power to grant extraordinary relief. *See Del Prado v. United States, supra; Gallagher v. United States, supra; Asher v. United States,* 22 U.S.C.M.A. 6; 46 C.M.R. 6 (1972); *Lewis v. United States,* 21 U.S.C.M.A. 667 (1972). This Court in the past has entertained a petition based on a nonjurisdictional error. *See United States v. Coppola,* 44 C.M.R. 801 (A.C.M.R.1971).

■ One final matter for discussion before we examine the merits of the petition concerns the Code provision regarding finality, Article 76, U.C.M.J. The Court of Military Appeals in *Hendrix v. Warden,* 23 U.S.C.M.A. 227, 49 C.M.R. 146 (1974), in addressing finality said:

"Finalization of proceedings under Article 76, U.C.M.J., not only terminates the appellate process of courts-martial, it also terminates this Court's jurisdiction of the case, except in circumstances contemplated by 28 U.S.C. § 1651(a)." 23 U.S.C.M.A. at 228, 49 C.M.R. at 147.

Speaking further on this point in *Del Prado v. United States, supra,* that Court stated:

"The writ of error coram nobis is a procedure, available under 28 U.S.C. 1651(a), which permits a court to remedy errors not perceived or not fully assessed when the case was first before it. Both at common law and in modern practice, the relief afforded thereby is without limitation of time for facts affecting the validi-

ty and regularity of the judgment. . . Nor is the possibility for relief terminated by the exhaustion of all appellate rights and procedures established by the Uniform Code of Military Justice. . . . Even the termination of the individual's amenability to the court-martial processes does not necessarily terminate the power of this Court to grant relief." 23 U.S.C.M.A. at 133, 48 C.M.R. at 749 (footnotes and citations omitted).

From these authorities we conclude the finality rule of Article 76, U.C.M.J., does not bar this Court's consideration of this petition for extraordinary relief as coram nobis is in fact an exception to that rule.

We now turn to the merits of the petitioner's prayer for relief. In performing this task we do no more than apply the law, as we now perceive it, to the facts presented here as we would do if the case were before us for initial review.

■ The pretrial agreement which petitioner entered into contained a condition providing for automatic cancellation of the bargain if he failed to "enter a plea of Guilty prior to presentation of evidence on the merits and/or presentation of non-judicial motions." Normally inclusion of this restrictive clause in the pretrial agreement necessitates reversal on appeal as it constitutes impermissible "extrajudicial infringement or interference with the trial and its procedures." *United States v. Holland, supra,* 23 U.S.C.M.A. at 443, 50 C.M.R. at 462, 1 M.J. at 59. However, because of the actions of the military judge in this case, we find no possibility of the "undisclosed halter" on the military judge or the "hamper[ing of the] defense counsel" which concerned Judge Cook in *Holland.*

The trial judge, after pointing out the clause to petitioner's trial defense counsel, on three occasions asked if that attorney felt limited in presenting any motions.[10] Counsel responded that he had "no motions regardless of that paragraph." In addition, the judge stated he would not accept the

---

**10.** The trial judge may well have acted in reliance on *United States v. Cummings,* 17 U.S.C.

M.A. 376, 38 C.M.R. 174 (1968), which foreshadowed the decision in *Holland.*

plea if to do so would cut off a potential motion, thus indicating that he did not feel fettered by that language. Our review of the record reveals no basis for possible motions and appellate defense counsel have declined an invitation to bring such grounds to our attention. Thus, the unequivocal statements of the trial defense counsel to the military judge stand unassailed.

This case is similar to *United States v. Pratt*, 17 U.S.C.M.A. 464, 38 C.M.R. 262 (1968), and *United States v. Elkinton*, 49 C.M.R. 251 (A.C.M.R.1974), pet. denied, 49 C.M.R. 889 (1974). In *Pratt* the Court of Military Appeals went beyond the certified question to note that the pretrial agreement included a provision waiving any issue of speedy trial, a practice condemned in *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968). Even though the Court held that "such a waiver was contrary to public policy and void," it affirmed Pratt's conviction as the record was barren of any evidence that he was restricted in his defense. 17 U.S.C.M.A. at 467–8, 38 C.M.R. at 265–6.

In *Elkinton* this Court held that an agreement similar to the one later condemned in *Holland* was "contrary to public policy and therefore void." However, as in *Pratt*, the Court affirmed the findings and sentence since the trial defense counsel admitted by affidavit that he was not restricted in his defense and in fact had litigated a speedy trial motion. 49 C.M.R. at 255. We think the rationale espoused in *Pratt* and *Elkinton* should be employed here. We do not believe the decision in *Holland* precludes the search for prejudice.

Further support for our approach may be found in the opinions of Judge Cook and Chief Judge Fletcher in *United States v. Elmore*, 24 U.S.C.M.A. 81, 51 C.M.R. 254, 1 M.J. 262 (1976). In that case the majority held that inclusion of a restrictive provision which provided for cancellation if the accused failed to enter a plea of guilty prior to presentation of evidence on the merits would not bring the case within the ambit of *Holland* unless the record revealed the defense counsel perceived that he was "restrained" from making motions. Ms. op. at 4.[11] As Private Elmore's attorney informed the military judge that he had no motions and nothing in the record indicated grounds therefor, the Court concluded that the agreement imposed no chilling effect on the conduct of the defense.

In the instant case, by insuring that petitioner's counsel at trial had no motion which he desired to present notwithstanding the language of the agreement, the trial judge effectively rendered the offending provision inoperative as if it were in fact stricken. Moreover, his commendable handling of these circumstances has now received appellate blessing. As Chief Judge Fletcher said in *Elmore*:

> "Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement with the consent of the parties." 24 U.S.C.M.A. at 83, 51 C.M.R. at 256, 1 M.J. at 268.

We accept the statements of petitioner's trial defense counsel concerning the nonexistence of possible motions. Moreover, our own review of the record compels the same conclusion. Since the apparent limitation in the pretrial agreement was neutralized in the forum below, we find no possibility of prejudice to petitioner from the mere fact that it was so included.

The recent decision of the Court of Military Appeals in *United States v. Schmeltz, supra*, does not require a different result. In *Schmeltz* the defense counsel stated he had "no further motions to make at this time." Even though he had previously made a motion to suppress a pretrial statement prior to entry of the plea, there was no showing in the record that his later disclaimer of further motions was anything more than a pro forma statement made to protect his guilty plea agreement. In the instant case we do not have to speculate as

11. The agreement contained no restriction on the filing of motions.

to the defense counsel's disclaimer. It was carefully and completely explored by the military judge.

The petition is denied.

Judge FELDER concurs.

O'DONNELL, Judge, concurring:

Although I concur generally with the majority, I file this separate opinion to express my somewhat differing views concerning the authority of military counsel to act for the accused in this case.

To appreciate fully the role counsel may play in the area of coram nobis, it is necessary, in my opinion, first to determine the authority of the Court of Military Review in this realm. I agree with the majority that this Court may issue extraordinary writs. This power is not derived from the Uniform Code of Military Justice. It originates in the United States Code, Title 28, Section 1651, and is an inherent attribute of this Court qua court. The practical effect of this Court's possessing extraordinary writ authority is that in a very real sense 28 U.S.C. § 1651 becomes a part of the Uniform Code of Military Justice. Thus, Article 66, which establishes the review authority of the Court of Military Review, and Article 70 which establishes, inter alia, the right of an accused to appellate representation, must be read not only in the literal words of the articles, but also in light of the power of the Court of Military Review to issue extraordinary writs.

When counsel has been designated by The Judge Advocate General to represent an accused before the Court of Military Review, such counsel may—indeed, must—act for the accused as contemplated by Article 66. This includes not only the direct appeal obviously contemplated by Article 66 but also such other acts on behalf of the accused as may relate to that direct appeal. For example, counsel, following a decision of the Court of Military Review affirming the accused's conviction, may without further authorization from the accused, file a motion for reconsideration. This is in accordance with Rule 19 of the Rules of Practice and Procedures before this Court. I believe counsel for the accused has the same right and authority to file a petition for writ of error coram nobis following the decision of this Court, providing of course all of the other prerequisites are met. This is particularly true in light of the Court of Military Appeals' characterization of the writ as merely the act of a court reconsidering a previous decision. *Mercer v. Dillon*, 19 U.S.C.M.A. 204, 41 C.M.R. 264 (1970). *See United States v. Draughon*, 42 C.M.R. 447 (A.C.M.R.1970). The fact that the conviction has become final in accordance with Article 76 of the Code should not preclude counsel from filing the petition. The writ lies in those cases where the conviction has become final. *See Del Prado v. United States*, 23 U.S.C.M.A. 132, 48 C.M.R. 748 (1974). The fact of finality, therefore, has no bearing on whether counsel may file the petition.

As the counsel seeking to file the petition in the instant case is the same counsel who represented the accused before this Court upon initial review, it follows, in my opinion, that he may properly continue to represent the accused and may file the petition on his behalf. I have intentionally confined my conclusion to the narrow facts of this case. A decision of the ultimate limits on the authority of counsel to file a petition for writ of error coram nobis must await another case and another day.