UNITED STATES

v.

Private (E-2) Keith D. MONTCALM, 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, US Army, Headquarters and Headquarters Company, 4th Advanced Individual Training Brigade, US Army Training Center and Fort Ord, Fort Ord, California 93941.

CM 431335.

U. S. Army Court of Military Review.

Sentence Adjudged 8 March 1974.

Decided 17 March 1976.

Appellate Counsel for the Accused: CPT Barry J. Wendt, JAGC; CPT John R. Osgood, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Clement L. Hyland, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

### ON PETITION FOR WRIT OF ERROR CORAM NOBIS

### OPINION OF THE COURT

DeFORD, Judge:

The petitioner through counsel seeks to invoke the power of this Court by having filed a Petition for Extraordinary Relief in the Nature of a Petition for Writ of Error Coram Nobis. The operative facts upon which the petitioner seeks relief are as follows: At a trial by general court-martial on 8 March 1974 petitioner was convicted upon his plea pursuant to a pretrial agreement of multiple offenses of burglary, larceny and a single specification of possession of marijuana. He received an approved sentence of a bad-conduct discharge, confinement at hard labor for six months, and reduction to the grade of Private E–1. On 18 April 1974, The Judge Advocate General of the Army directed that the record of trial in the petitioner's case be referred for review in accordance with the provisions of Article

66, 10 U.S.C. § 866, Uniform Code of Military Justice. During the period April through August 1974, the issues in petitioner's case were formed and on 22 August 1974 this Court entered a judgment affirming the findings and sentence.

The petitioner was duly served with the judgment of this Court on 4 September 1974 and during that month petitioner filed a request for final action in which he indicated after advice of counsel, that he did not desire further appeal and requested appropriate action be taken to finalize the sentence as affirmed by this Court. Thereafter, on 11 September 1974 a general court-martial order was entered ordering execution of the sentence in the petitioner's case.

Subsequently, on 30 September 1975 military appellate counsel filed the instant petition requesting this Court reverse the previous affirmance based upon the decision by the United States Court of Military Appeals in *United States v. Holland*[1] which was decided after our original action in petitioner's case. Petitioner asserts that his plea of guilty was based upon a pretrial agreement which contained a provision similar to that which was condemned in *United States v. Holland, supra.* Petitioner made no assertion of such an error in the original proceeding.

The government through counsel alleges various bars which they believe preclude the relief prayed for by the petitioner. These are: (1) the petition in the instant case was filed by appellate defense counsel without the approval or consent of the petitioner and that appellate counsel have no standing to assert claims on behalf of the petitioner; (2) this Court has no jurisdiction over the case before us as finality had attached to the proceedings under Article 76, UCMJ; (3) this Court does not have the jurisdiction to issue the relief prayed for by the petitioner in that it is not a court within the purview of the All Writs Act;[2] (4) that

even if this Court is a Court within the contemplation of the All Writs Act it can only issue such writs in aid of its jurisdiction; (5) the relief prayed for by the petitioner should not issue because the provision in the instant case differed significantly from that condemned in *United States v. Holland, supra* ; (6) that the rule in *United States v. Holland, supra,* is not retroactive in application therefore the extraordinary relief prayed for should be denied.

I

■ The government's first contention alleges that the military defense counsel who filed the pleadings in behalf of the petitioner are mere interlopers and as such, have no standing to file pleadings in this cause as the right of appeal is personal to the petitioner and his personal action is required to invoke the jurisdiction of this Court. In support of this contention they allege that the petitioner did not file or consent to the filing of the petition in this case and that the appellate attorney-client relationship terminated when finality attached to the final order of this Court affirming the petitioner's conviction. On the other hand, counsel for the petitioner rely upon the petitioner's original request for appellate counsel and their designation as counsel by The Judge Advocate General of the Army in the original proceedings before this Court.

The attorney-client guidelines established in Appendix D to Army Regulation 27–10 provide, concerning the applicability of the attorney-client relationship, that military attorneys and counsel are bound by the law, rules of ethics, *and the highest recognized standards of professional conduct.* (Emphasis supplied.)[3] Also the Department of the Army has adopted the Code of Professional Responsibility and the Code of Judicial Conduct of the American Bar Associa-

---

1. *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975).

2. 28 U.S.C. § 1651.

3. Paragraph D–1, Appendix D. Change 12, AR 27–10, dated 12 December 1973.

tion which are applicable to all attorneys who appear in courts-martial.

Paragraph D–3 of the cited guidelines establishes the creation and termination of the appellate defense attorney-client relationship. With regard to termination, the guidelines provide that "when the purpose for which the designation is made has been accomplished, the relationship terminates."[4] We note that American Bar Association minimum standards for criminal justice with regard to the defense function include post-conviction remedies.[5] These remedies generally include Writs of Error Coram Nobis.[6] We further note that the practice of filing common law or statutory writs in criminal cases as a post-conviction remedy is not uncommon in the practice before the civil courts in the United States.

Also, the practice of filing petitions for extraordinary relief in the military court system is in the early stages of development. We believe that the practice of filing post-conviction actions was not considered at the time Appendix D was originally drafted and incorporated in AR 27–10, *supra*. This view is fortified by the advisory notes to Appendix D which provides that the guidelines do not purport to encompass all matters of concern to counsel.[7]

Here, the petition for extraordinary relief was filed by one of petitioner's original counsel appointed by The Judge Advocate General. The requested relief is a post-conviction remedy which we believe, is normally considered a proper function of counsel and was filed in a reasonable time period following the affirmance in this case. We therefore hold that counsel has sufficient standing to represent petitioner by filing a petition for extraordinary relief before this Court.

## II and III

▮ The government alleges that this Court has no jurisdiction over the case before us as finality had attached to the proceedings pursuant to Article 76, UCMJ. Appellate defense counsel respond that finality under Article 76, UCMJ does not insulate a conviction from a subsequent attack in an appropriate forum.

There can be little question at this point in time as to this Court's jurisdiction to entertain the petitioner's claim. This Court, in an *en banc* decision some years ago determined that this Court had jurisdiction to consider a Writ of Error Coram Nobis in order to reconsider its own acts in order to insure that a manifest miscarriage of justice does not take place.[8] *Draughon, supra*, also settled any question as to this Court's power to issue those writs necessary to effect and enforce its own jurisdiction whether derived from the All Writs Act or from the Court's inherent powers.

## IV

The government also asserts that even if this Court is a Court within the contemplation of the All Writs Act it can only issue such writs in aid of its jurisdiction. We agree with the government's basic premise.

▮ The Writ of Error Coram Nobis in military law is extraordinary relief based upon special circumstances which were not

---

4. Paragraph D–3(a)2, AR 27–10, *supra*.

5. The American Bar Association Standards for Criminal Justice relating to the Prosecution Function and the Defense Function Type 8.5 at page 305.

6. American Bar Association Standards relating to Post-Conviction Remedies page 24.

7. *Appendix D, supra,* "These guidelines have been approved by The Judge Advocate General. Military personnel who act in courts-martial, including all Army attorneys, will apply these principles insofar as practicable. However, the guidelines do not purport to encompass all matters of concern to defense counsel, either trial or appellate. As more problem areas are identified, The Judge Advocate General will develop a common position and policies for the guidance of all concerned."

8. *United States v. Draughon,* 42 C.M.R. 447 (1970). *See also Kelly v. United States,* 23 U.S.C.M.A. 567, 50 C.M.R. 786, 1 M.J. 172 (1975); *United States v. Brooks,* 2 M.J. 1257 (A.C.M.R. 25 February 1976).

apparent to the Court at the time of its original consideration of the case.[9]

Article 66, UCMJ, provides in part that this Court may affirm such findings of guilty, and the sentence or such part or amount of the sentence as we find correct in law and fact and determines, on the basis of the entire record, should be approved.

■ When special circumstances are set forth in a petition for Writ of Error Coram Nobis which by their very nature indicate that this Court erred to the substantial prejudice of the petitioner in its previous consideration of a case, this Court may act to correct an injustice.

The Supreme Court of the United States recently commented concerning collateral impeachment of military court judgments:[10]

"Judgments of the military court system remain subject in proper cases to collateral impeachment. But implicit in the congressional scheme embodied in the Code is the view that the military court system generally is adequate to and responsibly will perform its assigned task. We think this congressional judgment must be respected and that it must be assumed that the military court system will vindicate serviceman's constitutional rights. . . ."

■ The preservation of a soldier's constitutional rights and the inherent responsibility to provide justice are appropriate functions of this Court and are a part of our jurisdiction in the broader sense under the Uniform Code of Military Justice.

Therefore, the consideration of petition for Writ of Error Coram Nobis under the circumstances set forth above is in aid of our jurisdiction.

## V

■ The government next contends that the provision complained of by the petitioner differed significantly from the provision in the pretrial agreement in *United States v. Holland, supra.*

In *Holland, supra,* the court considered a pretrial agreement which contained the following provision:

"This plea will be entered by me or my counsel prior to presentation of any evidence on the merits and/or presentation of motions going to matters other than jurisdiction."

In addition, there was an additional provision calling for automatic cancellation of the agreement upon the occurrence of certain contingencies including:

"My failure to enter a plea of guilty prior to presentation of evidence on the merits and/or presentation of nonjudicial motions."

The court noted that extra-judicial infringement or interference with the trial and its procedures is forbidden. The limitation on the timing of certain motions controlled the proceedings. The court said by orchestrating this procedure, there was an undisclosed halter on the freedom of action of the military judge, who is charged with the responsibility of conducting the trial and it may have also hampered defense counsel in his function of faithfully serving his client. The court then held the restrictive provision in the agreement was contrary to the demands inherent in a fair trial.

Recently, that court granted a petition for Writ of Error Coram Nobis to reconsider a case,[11] which had been affirmed prior to the decision in *Holland, supra,* and which contained a pretrial agreement which included a clause identical to that condemned in *Holland.*

The court determined that the same result reached in *Holland, supra,* must be applied in *Schmeltz.*

Here, the restrictive provision is essentially similar to that which was condemned in *Holland.* The provision stated:

---

9. *United States v. Frischholz*, 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966).

10. *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

11. *Schmeltz v. United States*, 1 M.J. 273 (30 January 1976).

"3. My failure to enter a plea of guilty prior to presentation of evidence on the merits and/or presentation of non-jurisdictional motions [going to matters other than non-waivable constitutional rights]."

The foregoing provision differed from that condemned in *Holland* only in the term "non-waivable constitutional rights" as distinguished from "non-judicial motions." In sum, the provisions are substantially identical and the provision suffers from the same malady that infected *Holland* notwithstanding the fact that the trial defense counsel made two motions concerning multiplicity which were granted by the military judge.[12] The record does not indicate whether trial defense counsel had any additional motions which he did not make at trial by reason of the restrictive provision.

## VI

■ The final issue which must be determined is whether or not *Holland, supra,* is retroactive in its application. It will serve no useful purpose to reiterate the respective positions of the litigants herein. The United States Court of Military Appeals has determined that their decision in *Holland* is retroactive.[13] The only issue yet remaining to be determined by that court is the degree of retroactivity which must be applied in such cases. In *Schmeltz,* the court was faced with a petition for Writ of Error Coram Nobis to reexamine their previous decision.

In light of their subsequent decision in *Holland, supra,* the Court cited *Brant v. United States,* 19 U.S.C.M.A. 493, 42 C.M.R. 95 (1970), as their authority to grant the petition to reconsider. In *Brant,* the court considered a case which had previously been reviewed and had become final within the meaning of Article 76, UCMJ. However, the *Brant* case had been pending review during the same period as the case of a co-conspirator named *Chandler.* The court denied relief to *Brant* but held *Chandler* in abeyance pending the decision on the retro-

activity of the *O'Callahan* doctrine. When that rule was enunciated, *Chandler* received the benefit arising from the rule. *Brant* on the other hand, had been decided previously and had been denied relief although the factual situations in *Brant* and *Chandler* were identical. The court then applied the rule cited in *United States v. Garcia,* 18 U.S.C.M.A. 5, 39 C.M.R. 5 (1968) that whenever two or more cases presenting the same issue are pending review at the same time, each is entitled to the same review and necessarily, the same result. The court then applied the retroactive *O'Callahan* rule to *Brant* in order to achieve the same result which the court had decided in *Chandler.*

Attached as an addendum to this opinion are the respective critical times during the appellate review of the cases of *Holland* and *Montcalm.*

A review of the addendum makes it readily apparent that both cases were pending appellate review before this Court during the same period of time therefore we conclude that the rule of *Holland, supra,* must necessarily be applicable in the case before us.

Accordingly, the petition for extraordinary relief in the nature of a Writ of Error Coram Nobis is granted. The findings and sentence are set aside and a rehearing may be ordered.

Senior Judge BAILEY concurs.

COOK, Judge, concurring in the result:

I concur in the result.

Because there are some points with which I am at slight variance with Judge De-Ford's views I have written this separate opinion.

At the outset I will dispose of those matters I feel are points of law already settled by existing opinions.

Concerning the effect of the finality provisions of Article 76, UCMJ, I refer to *United States v. Frischholz,* 16 U.S.C.M.A. 150,

---

12. *United States v. Schmeltz,* 23 U.S.C.M.A. 377, 50 C.M.R. 83, 1 M.J. 8 (1975), *reversed by Schmeltz v. United States, supra.*

13. *Id.*

36 C.M.R. 306 (1966) and *Hendrix v. Warden*, 23 U.S.C.M.A. 227, 49 C.M.R. 146 (1974), wherein the opinion is expressed that Article 76, UCMJ, doesn't foreclose subsequent appeal. *Also see Del Prado v. United States*, 23 U.S.C.M.A. 132, 48 C.M.R. 748 (1974).

As to whether this Court is a court within the contemplation of the All Writs Act, I cite to *United States v. Draughon*, 42 C.M.R. 447 (A.C.M.R.1970) and the decretal paragraph of *Kelly v. United States*, 23 U.S.C.M.A. 567, 50 C.M.R. 786, 1 M.J. 172 (1975). Relying on those authorities the conclusion is clear that this Court does have the extraordinary writ powers, whether by virtue of the Court's inclusion within the Act or otherwise.

Rather than rely on *Brant v. United States*, 19 U.S.C.M.A. 493, 42 C.M.R. 95 (1970), (followed in *United States v. Brinkley*, 19 U.S.C.M.A. 494, 42 C.M.R. 96 (1970)) to set the parameters of the scope of retroactivity, I prefer the language in *Belichesky v. Bowman*, 21 U.S.C.M.A. 146, 44 C.M.R. 200 (1972).[1] Applying the three criteria enumerated therein to the facts in this case, I believe the decision in the case of *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975) should be applied retroactively.

The only two questions involved in this case that have not, in my opinion, been answered by the United States Court of Military Appeals are:

(1) Does counsel have standing to assert this claim on behalf of petitioner?

1. Which adopts the standards established by the Supreme Court in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

2. "Art. 70. Appellate counsel
 (a) The Judge Advocate General shall detail in his office one or more commissioned officers as appellate Government counsel, and one or more commissioned officers as appellate defense counsel, who are qualified under section 827(b)(1) of this title (article 27(b)(1)).
 **(b) Appellate Government counsel shall represent the United States before the Court of Military Review or the Court of Military Appeals when directed to do so by the Judge Advocate General.

(2) Is the language in the pretrial agreement sufficiently similar to the language condemned in *United States v. Holland, supra*, to mandate relief?

Addressing the questions seriatum:

(1) An attorney-client relationship at the appellate level must be created in any military case in accordance with the authority contained in Article 70, UCMJ.[2] The portion of that Article pertinent to this case is subparagraph (c)(1) which states:

"Appellate defense counsel shall represent the accused before the Court of Military Review or the Court of Military Appeals—. . . when he is requested to do so by the accused."

In this record of trial there is a statement signed by the appellant on 8 March 1974 in which he states his "desire to be represented before the Court of Military Review by appellate defense counsel appointed by The Judge Advocate General of the Army."

Also in the record there is a letter headed *United States v. Montcalm* dated 18 April 1974 signed by the Deputy Clerk of Court containing the following relevant language:

"Pursuant to the provisions of Articles . . . 70(c)(1), Uniform Code of Military Justice, in the above entitled case The Judge Advocate General has directed that the accused . . . shall be represented . . . by the Chief of the Defense Appellate Division . . . and such other appellate counsel as (he) may detail."

**(c) Appellate defense counsel shall represent the accused before the Court of Military Review or the Court of Military Appeals—
 (1) when he is requested to do so by the accused;
 (2) when the United States is represented by counsel; or
 (3) when the Judge Advocate General has sent a case to the Court of Military Appeals.
 **(d) The accused has the right to be presented before the Court of Military Appeals or the Court of Military Review by civilian counsel if provided by him.
 **(e) Military appellate counsel shall also perform such other functions in connection with the review of court-martial cases as the Judge Advocate General directs."

On the original assignment of errors and brief on behalf of appellant, filed with this Court on 16 July 1974, we find the names of Captain Wendt, Captain Mueller, and LTC Adamkewicz. We invoke the presumption of regularity to aid us in concluding that the named individuals were in-turn detailed by the Chief of Defense Appellate Division to act as co-counsel on behalf of the appellant, in accordance with the authority contained in TJAG's letter of 18 April 1974.

On 30 September 1975, the Petition for Extraordinary Relief in the Nature of a Petition for Writ of Error Coram Nobis, (which is the subject of this opinion), was filed in this Court. A signator on that petition was the same Captain Wendt who was the subject of the earlier detail.

As I can find no request by appellant, either expressed or implied, withdrawing his request of 8 March 1974 for the appointment of appellate defense counsel, pursuant to which Captain Wendt was subsequently detailed, I am unable to agree with any assertion that the attorney-client relationship once extant between Captain Wendt and appellant has somehow been dissolved. Since the relationship remains undisturbed, Captain Wendt has standing to continue to perform duties as appellate counsel, i. e., file this petition on appellant's behalf with this Court.

(2) I agree with the conclusion on this point found in paragraph V of the principal opinion.

In conclusion, I am in essential agreement with the views expressed in *Brooks v. United States*, 2 M.J. 1257 (A.C.M.R. 25 Feb. 1976) and non-concur in those avowed in *United States v. Foxworth*, 2 M.J. 508 (A.C.M.R. 10 Feb. 1976).

ADDENDUM

|  | Montcalm | Holland |
|---|---|---|
| Date of Conviction: | 8 March 1974 | 1 March 1974 |
| Date of Action Approval: | 1 April 1974 | 5 April 1974 |
| Date of request for appellate counsel: | 8 March 1974 | 1 March 1974 |
| Judge Advocate General orders counsel for appellant: | 18 April 1974 | 23 April 1974 |
| Appellate pleadings filed: | 16 July 1974 | 22 July 1974 |
| Govt response: | 15 August 1974 | 21 August 1974 |
| CMR decision: | 22 August 1974 | 9 September 1974 |
| Appellant acknowledged receipt of CMR opinion: | 4 September 1974 | 16 September 1974 |
| Order of GCM authority directing execution of sentence: | 11 September 1974 | Petition and Order granting review 13 November 1974 |
|  |  | COMA decision 27 June 1975 |