**UNITED STATES, Appellee,**

v.

**William HOLLAND, Private, U. S. Army, Appellant.**

**No. 28,988.**

U. S. Court of Military Appeals.

June 27, 1975.*

---

*Captain Richard E. Schmidt* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Major Richard J. Goddard, Captain Anthony J. Siano, Captain David A. Shaw,* and *Captain Michael R. Caryl.*

*Captain Steven M. Werner* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Brian B. O'Neill.*

OPINION OF THE COURT

COOK, Judge:

For the theft of a United States Treasury check in an amount of over $200, the accused was given a sentence that included a dishonorable discharge, total forfeitures, confinement at hard labor for 20 months, and reduction to the lowest grade. In accordance with a pretrial agreement, the convening authority reduced the confinement portion of the sentence to 10 months, but otherwise approved the findings and sentence. The Court of Military Review affirmed the findings and sentence in a brief pro forma opinion, but in response to

---

* Also decided and reversed this date on substantially the same point were *United States v. Groves*, No. 29,052; *United States v. Kidd*, No. 29,063; *United States v. Kapp*, No. 29,080;

*United States v. Thomas*, No. 29,395; *United States v. Garcia*, No. 29,511; and *United States v. Smith*, No. 30,086.

the appellant's petition a single issue was ordered to be heard which deals with the validity of the pretrial agreement.

Under the terms of the agreement, the accused offered to plead guilty provided that the convening authority would not approve any confinement at hard labor that exceeded 10 months. The agreement also contained a provision which limits the order or timing when certain motions might be made at trial. The validity of this provision is the subject of the issue under consideration. The part of the agreement that covers this limitation is as follows:

This plea will be entered by me or my counsel prior to presentation of any evidence on the merits and/or presentation of motions going to matters other than jurisdiction.

In addition, there is a provision for automatic cancellation of the agreement upon the occurrence of certain contingencies, including:

3. My failure to enter a plea of Guilty prior to presentation of evidence on the merits and/or presentation of nonjudicial motions.[1]

On many occasions, petitions have been reviewed by this Court in which a guilty plea was entered pursuant to a pretrial agreement. Our approval of these arrangements in subsequent opinions, however, was not intended either to condone or to permit the inclusion of indiscriminate conditions in such agreements, even when initiated or concurred in by the accused. Moreover, this reservation is sustained by other opinions of this Court that prove the contrary. Indeed, the many and varied schemes that have been employed in disposing of charges by way of the guilty plea route have demanded our continued scrutiny of the plea bargaining process. That this effort under the guise of efficiency and expedition is on going is demonstrated by the circumstances of the present case. It is noted that the instant agreement, with its included conditions, appears to have been patterned after

a sample proposed in Hunter, *A New Pretrial Agreement*, The Army Lawyer, October 1973, at 23 (D.A. Pamphlet 27–50–10).

■ While there are certainly benefits which accrue to an accused from a bargain ensuring a fixed maximum sentence, this type of agreement may not include a provision which denies him a fair hearing, even if the hearing is limited by the plea to matters other than guilt or innocence. It was this objective which required the inquiry that was ordered in *United States v. Allen*, 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957). There, the accused pleaded guilty pursuant to a pretrial agreement. After findings and during the sentencing procedure, nothing was presented on the accused's behalf. Available mitigating evidence was reflected in the staff judge advocate's review, and by affidavit, the accused submitted other matters to support his contention that he had been deprived of the effective assistance of counsel during the presentencing portion of the trial. The case was remanded for a factual determination when accused's assertions were disputed by an affidavit of his former counsel. The opinion emphasized, however, that a pretrial "agreement cannot transform the trial into an empty ritual." 8 U.S.C.M.A. at 507, 25 C.M.R. at 11. Both before and after the *Allen* case, more positive attempts to preclude the exercise of one's rights by means of a prior waiver have been condemned. Instances reflecting these arrangements are catalogued and discussed in *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968). That case also involved an accused who had entered a plea of guilty pursuant to a pretrial agreement. In addition, the agreement contained a provision in which " 'any issue of speedy trial or of denial of due process' " was specifically waived. 17 U.S.C.M.A. at 378, 38 C.M.R. at 176. Holding that this waiver in the agreement was null and void as contrary to public policy, the words from *Allen*, set out above, were quoted with approval. Later, in the same opinion, the

---

1. Although jurisdiction and judicial are not necessarily synonymous, we assume "non-judi-

cial" was intended to mean motions that were not jurisdictional.

Court's reasoning which resulted in the agreement being declared null and void, was contained in the following passage:[2]

> Attempting to make them into contractual type documents which forbid the trial of collateral issues and eliminate matters which can and should be considered below, as well as on appeal, *substitutes the agreement for the trial* and, indeed, renders the latter an empty ritual. We suggest, therefore, that these matters should be left for the court-martial and appellate authorities to resolve and not be made the subject of unwarranted pretrial restrictions.

 Under this particular standard, as well as the more general one implicit in opinions dealing with command control,[3] extrajudicial infringement or interference with the trial and its procedures is forbidden. Even though well-intentioned, the limitation on the timing of certain motions controlled the proceedings. By orchestrating this procedure, there was an undisclosed halter on the freedom of action of the military judge, who is charged with the responsibility of conducting the trial,[4] it also might have hampered defense counsel in his function of faithfully serving his client. Being contrary to the demands inherent in a fair trial, this restrictive clause renders the agreement null and void. Consequently, the findings and sentence must be set aside.

Accordingly, the decision of the Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Senior Judge FERGUSON concurs.

Chief Judge FLETCHER did not participate in the decision of this case.

**2.** *United States v. Cummings*, 17 U.S.C.M.A. 376, 380, 38 C.M.R. 174, 178 (1968) (emphasis added).

**3.** *United States v. Tavolilla*, 17 U.S.C.M.A. 395, 38 C.M.R. 193 (1968); *United States v. Wright*, 17 U.S.C.M.A. 110, 37 C.M.R. 374 (1967); *United States v. Kitchens*, 12 U.S.C.M.A. 589, 31 C.M.R. 175 (1961).

**4.** *United States v. Sears*, 20 U.S.C.M.A. 380, 43 C.M.R. 220 (1971).