## UNITED STATES

v.

**Private (E–2) Leon W. JACKSON, 088–42–0793, U. S. Army, Company A, 3d Battalion, U. S. Army Engineer School Brigade, Fort Belvoir, Virginia.**

### CM 432931.

U. S. Army Court of Military Review.

29 July 1975.

Appellate counsel for the Accused: CPT Ronald Lewis Gallant, JAGC; LTC James Kucera, JAGC; COL Victor A. DeFiori, JAGC.

Appellate counsel for the United States: CPT James R. Anthony, JAGC; CPT Richard S. Kleager, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was convicted by general court-martial of two specifications of selling cocaine and one specification of escape from custody in violation of Articles 134 and 95, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 934 and 895, respectively.

The Court of Military Appeals recently held that a plea of guilty entered pursuant to restrictive limitations on the presentation of evidence was "contrary to the demands inherent in a fair trial." *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). The restrictions in *Holland* appear to be somewhat greater than those in the case under consideration. However, on the same day that *Holland* was decided, the Court of Military Appeals also decided and reversed without opinion the case of *United States v. Kapp*, No. 29,080. We

1. 49 C.M.R. 200 (A.C.M.R.1974).

2. "This plea will be entered by me or my counsel prior to the presentation of any evidence by the government on the merits. . . . My

have examined the record of trial and decision of this Court in *Kapp*[1] in an effort to determine whether the pretrial agreement under consideration was innocuous despite *Holland*.

The *Kapp* case was tried by the same jurisdiction as the appellant's case. The pretrial agreements contain identical restrictive clauses.[2] Both cases contain motion work sheets that imply that a full right to make motions existed. In both cases counsel made motions on such matters as multiplicity. We are unable to find any meaningful distinctions between *Kapp* and the case *sub judice*.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

## BAILEY, CLAUSE & DONAHUE

### TO THE HONORABLE, THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), the record of trial and the decision in the above entitled case are forwarded for review.

2. The appellee was tried by general court-martial and, following dismissal of three specifications on the grounds of multiplicity, was found guilty, pursuant to his pleas, of the sale of cocaine (two specifications) in violation of Article 134, Uniform Code of Military Justice, and one specification of escape from custody in violation of Article 95, Uniform Code of Military Justice. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction to the grade of Private E–1. Pursuant to the pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor

failure to enter a plea of guilty prior to presentation of evidence on the merits by the trial counsel [results in a null and void agreement]."

for 21 months, and reduction to Private E–1. On 29 July 1975, the U S Army Court of Military Review set aside the findings of guilty and the sentence, and authorized a rehearing.

3. It is requested that action be taken with respect to the following issue:

WAS THE US ARMY COURT OF MILITARY REVIEW CORRECT IN SETTING ASIDE THE FINDINGS OF GUILTY AND THE SENTENCE WHERE THE PRETRIAL AGREEMENT PROVIDED THAT THE PLEA OF GUILTY "WILL BE ENTERED BY ME OR MY COUNSEL PRIOR TO THE PRESENTATION OF ANY EVIDENCE BY THE GOVERNMENT ON THE MERITS," AND THE APPELLEE MADE MOTIONS AND RE–NEGOTIATED HIS PRETRIAL AGREEMENT PRIOR TO ENTRY OF HIS PLEA.

Received a copy of the foregoing Certificate of Review this 27th day of August 1975.