302

Private E1 Marvin J. KIDD
(SS # 261–13–0504), U.S. Army,
Petitioner,

v.

UNITED STATES, Respondent.

Miscellaneous Docket No. 75–70.

U. S. Court of Military Appeals.

Nov. 14, 1975.

On June 27, 1975, we set aside the findings and the sentence in petitioner's case and authorized a rehearing on the basis of our decision in *United States v. Holland,* 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). *United States v. Kidd,* 23 U.S.C. M.A. 442, 50 C.M.R. 461, 1 M.J. 58

(1975). A rehearing has been ordered by the convening authority and initial sessions of a court-martial pursuant to Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), were held in October 9 and 10, 1975. In his petition, petitioner has informed us that trial is now scheduled for November 10, 1975. We have confirmed telephonically that trial is still scheduled for that date. In view of the impending trial date, we need not act upon petitioner's request that we order the trial judge to proceed with the trial.[1]

More than four months has elapsed since we rendered our decision. Since June 2, 1975, petitioner has been on excess leave in Florida, apparently having served most, if not all, of the confinement at hard labor approved as a result of his initial trial. While he has apparently not been placed in pretrial confinement pending the rehearing, and thus the 90-day rule of *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), is not applicable, this does not in any way lessen the need for a speedy trial or retrial. Moreover, requiring an accused to return to Fort Leavenworth from Florida for the trial and then delay the trial with frivolous motions[2] is unconscionable and unprofessional. See Code of Professional Responsibility.

The Petition for Extraordinary Relief is denied.

---

1. While petitioner has apparently not served a copy of his petition upon the respondent, because of our action we do not deem it necessary that the respondent reply to the petition.

2. At his first trial, petitioner pleaded guilty. In the present rehearing trial counsel moved, after petitioner pleaded not guilty, that he be forced to plead guilty. The trial judge ordered an 18-day continuance to give the parties time to prepare briefs on the issue.