**UNITED STATES**

v.

**Private E-2 James H. GORDON, 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, U. S. Army, Headquarters Company, U. S. Army Reception Station, Fort Ord, California 93941.**

**SPCM 11193.**

U. S. Army Court of Military Review.

Sentence Adjudged 18 Feb. 1975.

Decided 20 Feb. 1976.

---

3. *See United States v. Strand,* 6 U.S.C.M.A. 297, 20 C.M.R. 13 (1955); *United States v. Richardson,* 2 M.J. 436 (A.C.M.R. 1975).

518

Appellate Counsel for the Accused: CPT John C. Carr, JAGC; CPT John R. Osgood, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Dana C. McCue, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of possessing a concealed weapon and communicating a threat in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. We are reviewing the case pursuant to Article 66, UCMJ.

This case involves the question of the right to a speedy trial. The incident which gave rise to the charges occurred in the appellant's company orderly room on 1 November 1974. Appellant brandished a pistol, made a threat against another soldier who had borrowed his car and had not returned it, and replaced the pistol in a pocket of his fatigues. A few minutes later the company commander and a company sergeant forcibly disarmed the appellant, at which time appellant made a threat against the sergeant. The weapon was loaded and a round was in the chamber.

The company commander placed the appellant in pretrial confinement on 1 November and three days later preferred charges of carrying a concealed weapon and communicating a threat to the sergeant. Subsequently on 25 November another charge of communicating a threat was added.

On 10 December, the fortieth day of pretrial confinement, the appellant submitted a demand for immediate trial. The Government failed to respond to this request and gave no reasons why it could not proceed to trial immediately. The case was referred to trial on 21 December and the first Article 39(a) session commenced on 23 January 1975. On that date the appellant entered a plea of guilty to all charges and specifications. During the course of the guilty plea inquiry when it became evident the plea was probably improvident, the appellant withdrew the guilty plea and entered a plea of not guilty. The military judge then gave the prosecution a reasonable time to assemble the witnesses and proceed with trial on the merits.

When court reconvened on 14 February, appellant moved for dismissal of the charges for lack of speedy trial, urging that both facets of the *Burton*[1] rule had been violated, viz., the appellant had been in pretrial confinement for 106 days, and the Government had failed to respond to appellant's demand for speedy trial and had failed to proceed immediately to trial or show adequate cause for the delay. After a four day continuance for consideration of the question, the military judge ruled that *Burton* did not apply and denied the motion. He gave his reasons as to why the 90-day rule did not apply but was silent on the demand for trial aspect of the case.

■ We agree with the military judges's ruling that the *Burton* 90-day rule did not apply to this case because the Article 39(a)

---

1. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

session in which the guilty plea was entered tolled the running of pretrial confinement at 84 days. This case falls somewhere between the United States Court of Military Appeal's ruling in *United States v. Beach*, 23 U.S.C.M.A. 480, 50 C.M.R. 560, 1 M.J. 118 (1975), wherein an Article 39(a) session in which motions were litigated was held not to toll the Government's accountability for pretrial confinement, and its ruling in *United States v. Marell*, 23 U.S.C.M.A. 240, 49 C.M.R. 373 (1974), wherein an Article 39(a) session in which guilty pleas were entered and accepted tolled the Government's accountability for bringing the case to trial.

We believe the instant case falls within the ambit of the Court's rationale in *Marell*. The appellant in this case negotiated a pretrial agreement in which any bad-conduct discharge adjudged would be suspended. Pursuant to that agreement he made a judicial confession of his guilt. Unlike *Marell*, he changed his mind and withdrew his plea during the course of the judge's inquiry, thus leaving his guilt still undetermined. However, we believe the reasoning of *Marell* would apply in determining that the entry of a plea of guilty amounts to a trial within the meaning of Article 10, UCMJ. The "rigors of confinement" referred to in *Marell*, would remain but it would appear that the appellant would not be subjected to the "disadvantages of an undetermined criminal charge" in the same sense as he would if no plea had been entered or if he had entered a not guilty plea.[2]

We find that the entry of the plea of guilty tolled the Government's accountability for appellant's confinement[3] and placed responsibility for further proceedings upon the military judge. *Cf. United States v. Glahn*, 49 C.M.R. 47 (A.C.M.R.1974).

Turning now to the second facet of the *Burton* rule, we must determine whether the Government proceeded immediately to trial after appellant's demand for trial, or showed adequate cause for delay. The demand for trial was made on 10 December 1974, the fortieth day.[4] Trial was not held for another 44 days (January 23, 1975). No response was made to appellant's demand and no explanation was offered as to why trial was not held sooner.[5]

■ We do not consider a delay of 44 days to be proceeding to trial immediately. Thus we will look to see if adequate cause for the delay was shown. We conclude it was not. The case was very simple. There were few witnesses, the primary ones being the accuser (company commander) and a sergeant in the company. Written statements were made the day of the incident. Although an additional charge was preferred on the 25th day of confinement, it was based upon the same incident and the necessary facts to support it were available to the Government at the time the original charges were preferred. Finally, there was no Article 32 investigation which would have accounted for some delay. In short, there is a failure by the prosecution to explain the delay.

■ The stipulated chronology shows that on 9 January the appellant submitted a pretrial agreement which was rejected, and that on 16 January a new offer to plead guilty was submitted and accepted. We do not find this action on the part of the appellant to be a withdrawal of his demand for trial. Further, the absence of a speedy trial motion prior to entry of the guilty plea

---

2. Interestingly, the appellant tried to reinstate his guilty plea to the concealed weapon charge at the final session of the trial but the judge would not permit it.

3. To hold that the Government's accountability continues would put a damper on guilty plea agreements and thereby redound to the detriment of an accused, as the Government would have little incentive to enter into such an agreement if it must always go to the time, effort, and expense of preparing for a contested trial.

4. The appellant made a second demand for trial on 29 January 1975, which apparently was never received in the office of the staff judge advocate. As we determined the trial to have commenced prior to that demand, we will not consider this demand here.

5. The failure to respond to the accused would not, of itself, be prejudicial error provided trial was held immediately or adequate cause was shown for the delay.

on 23 January 1975 is not an affirmative indication of withdrawal of the demand for trial, especially in view of an impermissible clause in the pretrial agreement requiring the appellant to enter his plea prior to presentation of motions. *See United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). We therefore find that appellant's demand for immediate trial remained viable.

■ Having concluded that the Government did not grant appellant a prompt trial and did not adequately explain the reasons for the delay, we must now determine an appropriate remedy. Unlike the 90-day rule, violation of which mandates dismissal of charges, the second facet of *Burton* does not specify the remedy. *United States v. Johnson*, 23 U.S.C.M.A. 397, 50 C.M.R. 279, 1 M.J. 101 (1975). We must look at the surrounding facts and circumstances, e. g., the Government's diligence, the totality of the delay, the seriousness of the offenses, and the conduct of the appellant.

We do not find the conduct of the Government to be so flagrant in this case as to require the extreme remedy of dismissal of charges. First, the appellant's demand for trial was made at a relatively early stage in the proceedings, prior to the time the case was referred for trial. Second, the overall delay, even though over 90 days, was not oppressively long. Finally, the need for confinement of appellant at least initially was apparent.

Accordingly, the findings of guilty are affirmed. The sentence is disapproved.

Judges O'DONNELL and FELDER concur.

**UNITED STATES**

v.

**Specialist Four Daniel F. WITHERS, 569–04–7844, U. S. Army, Company A, 3d Battalion, 60th Infantry, 9th Infantry Division, Fort Lewis, Washington 98433.**

**CM 433281.**

U. S. Army Court of Military Review.

Sentence Adjudged 21 Feb. 1975.

Decided 25 Feb. 1976.

