**UNITED STATES**

v.

**Specialist Four Ronald L. McNALLY, 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, U. S. Army, Headquarters Company Zukeran, Headquarters and Service Battalion, Special Troops, U. S. Army Garrison Okinawa (Provisional), APO San Francisco 96331.**

**CM 433016.**

U. S. Army Court of Military Review.

Sentence Adjudged 6 Dec. 1974.

Decided 15 March 1976.

Appellate Counsel for the Accused: CPT Steven J. McAuliffe, JAGC; MAJ Richard J. Goodard, JAGC; LTC James Kucera, JAGC.

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## DECISION ON RECONSIDERATION

MITCHELL, Senior Judge:

The appellant was convicted by a general court-martial with members of the offenses of absence without leave, conspiracy to commit murder and premeditated murder. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for life and reduction to the lowest enlisted grade. The convening authority reduced the confinement to forty years.

This Court, in its opinion, dated 31 December 1975, set aside the findings and sentence based upon its interpretation of the case law established in *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). On 21 January 1976, this Court, on its own motion, issued an order holding its decision of 31 December 1975 in abeyance pending reconsideration thereof and further review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, and granting appellate counsel leave to file supplemental briefs.

The pretrial agreement in this case contains a provision which limits the order and timing when certain motions might be made at trial.[1] Additionally, the agreement contains a provision which limits the appellant's right to make any motions prior to entering a plea other than those involving jurisdictional matters or constitutional rights.[2]

These restrictive provisions are almost identical to those condemned by the United States Court of Military Appeals in its opinion in *United States v. Holland, supra*. The Court seems to base its decision on its disdain for the convening authority's interference with the discretion of the military judge in hearing certain motions during an Article 39(a) session. It rejects any pretrial agreement that "transform[s] the trial into an empty ritual" (*United States v. Holland, supra*, at 443, 50 C.M.R. at 462, 1 M.J. at 59, citing language of a similar import in *United States v. Allen*, 8 U.S.C.M.A. 504, 507, 25 C.M.R. 8, 11 (1957), and *United States v. Cummings*, 17 U.S.C.M.A. 376, 380, 38 C.M.R. 174, 178 (1968). The Court of Military Appeals then concluded:

"Under this particular standard, as well as the more general one implicit in opinions dealing with command control, *extrajudicial infringement or interference with the trial and its procedures is forbidden*. Even though well-intentioned, the limitation on the timing of certain motions controlled the proceedings. By orchestrating this procedure, there was an undisclosed halter on the freedom of action of the military judge, who is charged with the responsibility of conducting the trial; it also might have hampered defense counsel in his function of faithfully serving his client. Being contrary to the demands inherent in a fair trial, this restrictive clause renders the agreement null and void. . . ." (Emphasis added.)[3]

At the 39(a) session, the military judge, before accepting the appellant's plea of guilty, made a lengthy and painstaking inquiry into the appellant's understanding of the terms as well as the reasons and circum-

---

1. Paragraph 3 of Appellate Exhibit I provides, *inter alia*, that:

   "This plea will be entered into by me or my counsel prior to presentation of any evidence on the merits and/or presentation of motions going to matters other than jurisdiction, former jeopardy, speedy trial and like constitutional rights. . . ."

2. Paragraph 7 of Appellate Exhibit I provides, *inter alia*, that:

   "I further understand that this agreement will be automatically cancelled upon the happening of any of the following events:

   . . . . .

   "c. My failure to enter a plea of guilty prior to presentation of evidence on the merits and/or presentation of motions going to other than jurisdiction, former jeopardy, speedy trial and like constitutional matters."

3. Decided 27 June 1975, seven months following appellant's plea of guilty and conviction.

stances surrounding the initiation and preparation of the pretrial agreement. In our view, he determined without the slightest equivocation, that the appellant was the initiator of the negotiations; that he waived no motions; that had he desired he could have raised any motions at any time in the course of the trial; that the reason he did not raise any motions was because he had none which he wished to raise; that he entered the agreement on his own free will; that he fully understood the terms of the agreement, felt they were fair and just and desired that it be accepted and entered into the record. The comprehensive colloquy between the trial judge and the accused covers four pages of the record of trial.

Appellate defense counsel, in their supplemental assignment of error and supplemental brief, citing *Holland, supra,* argue that the military judge's interrogation of the appellant in no way altered the terms of the agreement between the convening authority and the accused and further that the mere inclusion of the objectionable provision renders the agreement void, as against public policy, without regard for the existence of any actual prejudice. Where a *Holland*-type clause is present, it is the clause itself which is offensive and facially illegal, and in its presence the courts need not proceed further to search for any perception of unlawful restriction.

Appellate government counsel argue that even though a pretrial agreement requires waiver of non-jurisdictional issues, where there is evidence of record indicating that no such issue would have been raised, the error is without prejudice to the appellant and, therefore, the approved findings and sentence should be affirmed. *United States v. Elkinton,* 49 C.M.R. 251 (A.C.M.R.1974), *pet. denied,* 49 C.M.R. 889 (1974). We agree. Judge Cook, also the author of the *Holland* opinion, speaking for the Court in *United States v. Elmore,* 1 M.J. 262 (January 16, 1976), recognizes that something less than all the language in what has become

known as the *Holland* agreement does not necessarily void pretrial agreements. The Court holds that language in an agreement that the plea will be entered "prior to presentation of evidence on the merits" does not void the agreement since it does not interfere with the trial or the defense counsel's obligation in representing an accused. The Court in upholding the agreement goes on to observe that there was nothing in the record to suggest that the defense counsel believed such language denied him the opportunity to make motions. Chief Judge Fletcher, who did not participate in the *Holland* decision, states in his concurring opinion that the military judge bears the burden of insuring that the accused, on the record, understands "the meaning and effect of each condition as well as the sentence limitation imposed by an existing pretrial agreement." The opinions of both Judge Cook and Chief Judge Fletcher are most salutory in insuring the fairness of the agreement, affording public confidence in the plea bargaining system, assisting appellate courts in review of such agreements and reducing collateral attacks resulting from such agreements.[4]

We adopt the reasoning and language of Senior Judge Jones of this Court who recently addressed among other things the identical issue facing us. In interpreting the recent decision of the Court of Military Appeals in *United States v. Schmeltz,* 1 M.J. 273 (January 30, 1976), Judge Jones writes:

"In *Schmeltz* the defense counsel stated he had 'no further motions to make at this time.' Even though he had previously made a motion to suppress a pretrial statement prior to entry of the plea, there was no showing in the record that his later disclaimer of further motions was anything more than a pro forma statement made to protect his guilty plea agreement. In the instant case we do not have to speculate as to the defense coun-

---

4. *See Jones v. United States,* 423 F.2d 252 (9th Cir., 1970), *cert. denied,* 400 U.S. 839, 91 S.Ct. 79, 27 L.Ed.2d 73 (1970).

sel's disclaimer. It was carefully and completely explored by the military judge."[5]

From the facts of record we are convinced that in this case the agreement in no way affected the trial judge's control of the proceedings. His extensive inquiry, before accepting the plea, demonstrated his infinite understanding of his responsibility as a trial judge with obvious unfettered freedom of action while fulfilling those responsibilities. He determined, and we agree, that as a result of the agreement the appellant surrendered no right and that the defense counsel was in no way hampered in the conduct of his representation of his client. We, therefore, hold that the accused suffered no deprivation of his right to a fair trial.

We further find that the pretrial agreement was most advantageous to the accused. The opportunity of a 20-year old soldier to reduce, by agreement, an almost certain mandatory confinement in prison for the rest of his natural life, to a term of 45 years is a beneficial circumstance of the greatest proportions. We are well aware of the possible disastrous consequences to the appellant should he again face a trial on the same alleged horrendous offenses including the butcher-knife slaying of a fellow serviceman. For us to find that a test for prejudice is now inappropriate under the ruling of *Holland* and that the agreement is *per se* null and void could subject the appellant to further judicial action which he bargained to avoid.

To us the disposition of this appeal is of the most solemn concern. As previously stated we can find no prejudice.

Upon reconsideration, the opinion of the Court, dated 31 December 1975, is withdrawn. Accordingly, the findings of guilty and the sentence are affirmed.

Acting Chief Judge CARNE and Judge MOUNTS concur.

5. *Brooks v. United States,* 2 M.J. 1257 (A.C.M.R. 25 February 1976).