**UNITED STATES**

*v.*

**Private First Class Michael R. REYN-OLDS, 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, U. S. Army, Battery D, 3d Battalion, 59th Air Defense Artillery, APO New York 09175.**

CM 433998.

U. S. Army Court of Military Review.

Sentence Adjudged 3 Sept. 1975.

Decided 14 May 1976.

Appellate Counsel for the Accused: CPT Buren R. Shields, III, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Larry R. McDowell, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

888

## OPINION OF THE COURT

DONAHUE, Judge:

Consistent with his pleas, the appellant was convicted of three specifications of housebreaking, two specifications of larceny, one specification of attempted larceny and one specification of wrongful appropriation in violation of Articles 130, 121 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 930, 921 and 880, respectively. A court with members sentenced the appellant to a bad-conduct discharge, confinement at hard labor for three years, total forfeitures and reduction to the lowest enlisted grade. The convening authority, pursuant to a pretrial agreement, reduced the confinement portion of the sentence to 15 months. The maximum imposable sentence for the offenses was dishonorable discharge, confinement at hard labor for 27 years, total forfeitures and reduction to the lowest enlisted grade.

■ The appellant's offer to plead guilty, which was accepted without modification by the convening authority, included an agreement "to waive any further processing of the Article 32 Investigation. . . ." * Examination of the record of trial reveals that, despite this provision in the agreement, the Article 32, 10 U.S.C. § 832, investigation was routinely completed, forwarded by the appointing authority with recommendations and discussed by the staff judge advocate in his pretrial advice letter prior to acceptance of the appellant's offer to plead guilty by the convening authority. We conclude that the appellant's offer to waive further processing of the Article 32 investigation had no operational effect on the normal processing and consideration of that investigation by the proper authorities.

Time after time the United States Court of Military Appeals has made clear its re-pugnance of using pretrial agreements to limit an accused's rights beyond the right to plead not guilty. *United States v. Holland,* 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975), and cases cited therein. If the Article 32 investigation's processing had been curtailed as a consequence of the pretrial agreement we would be faced with a serious question as to whether the trial was contrary to the demands inherent in a fair trial. However, the issue was mooted in the case *sub judice* because no curtailment took place.

■ During the course of a four-page argument on sentence the trial counsel rhetorically asked: "What is fair when you consider one of the goals of sentence is deterrence, not only to this accused, but to other individuals in society in general?" Such comment is error. *United States v. Mosely,* 1 M.J. 350 (March 19, 1976). However, in view of the sentence adjudged, when compared to the maximum imposable sentence and our conviction that there was no likelihood, even in the total absence of any argument, that the appellant would have received a sentence less than the approved sentence, we find no prejudice.

The findings and sentence are affirmed.

Senior Judge JONES concurs.

Judge FELDER absent.

---

* The offer also included an agreement to "testify truthfully in any other proceeding involving [these offenses]. . . ." Contrary to appellant's assertions, we find this to be a valid provision of a pretrial agreement. *Cf. United States v. Stoltz,* 14 U.S.C.M.A. 461, 34 C.M.R. 241 (1964). Sec. 1.8(a)(v), Standards Relating to Pleas of Guilty, American Bar Association Minimum Standards for Criminal Justice. Accordingly, its inclusion was proper.