**UNITED STATES, Appellee,**

v.

**Sergeant Edwin M. KELLEY, SSN 260–70–3107, United States Army, Appellant.**

**SPCM 13337.**

U. S. Army Court of Military Review.

29 Sept. 1978.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, and

---

Captain Julius Rothlein, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain David P. Saxon, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

On 9 February 1978, the appellant pleaded guilty to, and was by a military judge found guilty of, numerous violations of Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to a bad-conduct discharge and a three-month term of confinement of which the convening authority suspended all but the first 60 days.

For reasons we cannot discern, a pretrial agreement pursuant to which the appellant pleaded guilty contained the very provisions that the Court of Military Appeals condemned two and one-half years earlier in *United States v. Holland*, 1 M.J. 58 (C.M.A. 1975). The agreement recited that "the plea will be entered by me or my counsel prior to presentation of any evidence on the merits and/or presentation of motions going to matters other than jurisdiction." As in *Holland*, there was a second provision, purporting to work automatic cancellation of the agreement upon "my failure to enter a plea of Guilty prior to presentation of any evidence on the merits and/or presentation of non-jurisdictional motions."

The *Holland* court characterized those provisions as an attempt to control the proceedings by limiting the timing of certain motions (namely, any that were not jurisdictional). It condemned this orchestration of procedure as placing an undisclosed halter on the trial judge's freedom of action and potentially hampering the defense counsel in his function of faithfully serving his client. "Being contrary to the demands inherent in a fair trial," the Court concluded, "this restrictive clause renders the agreement null and void." 1 M.J. at 60.

The pertinent proceedings in the appellant's case were identical to those in Private Holland's case with the single exception that, in the appellant's case, the military trial judge conducted the plea bargain inquiry commanded subsequent to *Holland* by *United States v. Green*, 1 M.J. 453 (C.M.A. 1976). That inquiry disclosed the provisions now being challenged. In obvious reference to the motion-timing requirement, the trial judge questioned the defense counsel as follows:

MJ: Captain Stearns, has [sic] there been any motions that you have foregone [sic] or anything like that to induce the plea?

DC: No, your honor.

MJ: You have no motions that you are waiving?

DC: That's correct your honor.

The automatic cancellation feature did not escape notice either. Discussing the several cancellation provisions with the appellant, the judge described the one in question as "kind of mooted I would say since you have already entered a plea of guilty." The judge also obtained the required assurances that there were no unwritten understandings as to the plea and that counsels' interpretation of the agreement comported with his own. *See United States v. Green*, 1 M.J. at 455–56; *see also United States v. King*, 3 M.J. 458 (C.M.A.1977).

Whereas in *Holland* the entire plea agreement was held void, the *Green* decision requires only that—

Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement with the consent of the parties.

*United States v. Green*, 1 M.J. at 456, quoting from *United States v. Elmore*, 1 M.J. 262, 264 (C.M.A.1976), (Fletcher, C. J.). We hold that the military judge should have stricken the provisions described above, but that the plea was not improvident despite his failure to do so.

Proper conduct of the so-called *Green* inquiry precluded any "undisclosed halter" on the judge's conduct of the trial. Ascertaining that there were no motions wanting to be made assured that there was no "hampering" of the defense counsel. Even so, inclusion of the motion-timing provisions offended the oft-stated principle that plea bargaining must not attempt to influence the trial procedure. *See, e. g., United States v. Schmeltz*, 1 M.J. 8, 11 (C.M.A. 1975). Nevertheless, the same disclosures that prevented the evils foreseen in *Holland* from accruing in this case dictate that the judge's failure to strike the provisions neither made the appellant's plea of guilty improvident nor prejudiced him otherwise.

The findings of guilty and the sentence are affirmed.

Judge TALIAFERRO and Judge WATKINS concur.