## UNITED STATES

### v.

**Daniel Washburn ARNOLD, 277 68 9841, Seaman Recruit (E–1), U. S. Navy.**

### NCM 79 1786.

U. S. Navy Court of Military Review.

Sentence Adjudged 5 July 1979.

Decided 14 Feb. 1980.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and DONOVAN, JJ.

PER CURIAM:

Tried before a military judge at a special court-martial, appellant was found guilty, pursuant to his pleas, of three specifications of unauthorized absence, in contravention of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Appellant was thereafter sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, and forfeiture of $250.00 pay per month for 2 months. The convening authority, in view of a pretrial agreement, approved the sentence but suspended execution of confinement in excess of 45 days for 1 year from the date of his action; this sentence, as mitigated, was approved by the supervisory authority.

In addition to the three specifications of unauthorized absence to which appellant pleaded guilty, appellant was originally charged also with two other periods of unauthorized absence. As provided in the pretrial agreement, appellant pleaded "not guilty" to these two specifications, one couched under the original charge and the other delineated under an Additional Charge; however, in accord with a provision in the pretrial agreement, the trial counsel requested that the military judge reserve findings on the two specifications to which appellant pleaded not guilty until just before the sentence was announced, at which time the Government would move to withdraw the pertinent Charge and specifications. It is this provision which is the subject of appellant's sole, summary, assignment of error and which appellant now claims erroneous as improperly compelling the court-martial proceedings to be controlled by the pretrial agreement. In support of this position appellant cites *United States v. Holland*, 1 M.J. 58 (C.M.A.1975).

The questioned provision is as follows: Upon acceptance of guilty pleas to the charges and specifications described above, the trial counsel is directed by the convening authority to request that the military judge reserve findings on the remaining charges and specifications until after all evidence in extenuation and mitigation is presented and just prior to announcement of sentence, at which time the trial counsel will withdraw those charges and specifications with prejudice.

Upon discovering this provision, the military judge inquired of both counsel as to its meaning and effect and then discussed the matter with the accused:

MJ: Very well. What this all boils down to, Seaman Recruit Arnold, is the fact that the government says that you can plead guilty to the ones that you've agreed to plead guilty to, then they'll drop the other ones. O.K?

ACC: Yes, sir.

MJ: Now, because of legal technicalities that arise during the trial they have to figure out a device of doing this most effectively. The idea is that pretty soon the findings will be entered. However, they want to be sure that the whole trial ends without your guilty plea being over turned before they get rid of those other charges permanently. That's the effect of that. So essentially, if I accept the ones that you agreed to plead guilty to the government will indicate that they don't wish to present any evidence on those specifications and ask to reserve the opportunity to reopen their case and present evidence in the event that you do not successfully plead guilty to the others. Since you through counsel will concur and that essentially is what you've agreed to, I will permit that. You should understand, however, that if I have to set aside any of your guilty findings or guilty pleas that they can then bring one or both of those two specifications to which you agree to plead not guilty. Do you understand that?

ACC: Yes, sir.

(R. 20–1).

Appellant apparently believes that the provision violates the precept advanced by the Court of Military Appeals, in *United States v. Holland, supra,* which holds that "extrajudicial infringement or interference with the trial and its procedures is forbidden." *Id.* at 60. Appellant proposes, we infer, that the provision, "[b]eing contrary to the demands inherent in a fair trial," renders the pretrial agreement null and void and requires that we set aside the findings and sentence. We do not agree with appellant, given our review of this case, although we are compelled to express our disapproval of such provisions.

In *United States v. Holland, supra,* the Court of Military Appeals was faced with a pretrial agreement which, in part, required that the accused plead guilty before evidence was presented on the merits "and/or presentation of motions going to matters other than jurisdiction." *Id.* at 59. The

Court found that such a provision, in effect, " 'substitute[d] the agreement for the trial' ", citing *United States v. Cummings,* 17 U.S.C.M.A. 376, 380, 38 C.M.R. 174, 178 (1968), and thus violated public policy. We do not find, however, that the instant provision was such a limitation on the actions of the military judge as to control the proceedings or become the "extrajudicial infringement or interference with the trial and its procedures" forbidden in *Holland.* We do not believe that appellant surrendered any substantial rights by this bargained for provision for, indeed, until such time as the sentence was announced, concomitant with the guilty pleas remaining provident, the convening authority had no obligation to adhere to the sentence limitations found in the agreement. That appellant understood the meaning and effect of this provision is clear from the record. Furthermore, the provision itself did not infringe on the trial proceedings as controlled by the military judge; the provision is not a mandate but merely provides that the trial counsel is "directed . . . to *request* " (emphasis added) of the military judge that findings be reserved. The military judge retained control of his trial, as *he* found the provision acceptable and as *he* decided to grant the request. We believe that the pretrial agreement would not have become null and void, and thus would have retained its efficacy, even had the military judge declined to reserve findings.

The procedure utilized was, therefore, not erroneous. JAGMAN § 0114. *See generally United States v. Gutierrez,* 47 C.M.R. 181, 183 n.2 (N.C.M.R.1973). We are compelled to advise, however, that absent any codal or policy authority for either a "conditional withdrawal" of certain Charges and specifications or a "reservation of findings" thereon, we do not look upon this provision and the resultant procedure with favor, although it was not erroneous under the circumstances of this case. We see no need that these procedural devices be introduced into the military justice system. Moreover, counsel in the field are ill-advised to experiment with the military justice system through pretrial agreements with esoteric

provisions. As pretrial agreements become more complex they become more insidious. *See United States v. Elmore,* 1 M.J. 262, 265 (C.M.A.1976) (Ferguson, S. J., dissenting) (footnote omitted). *See also United States v. Schmeltz,* 1 M.J. 8, 11 (C.M.A.1975); *United States v. Cummings, supra* at 379, 38 C.M.R. at 177.

The findings and sentence, as approved below, are affirmed.

Chief Judge CEDARBURG, Judge FERRELL and Judge DONOVAN concur.