UNITED STATES, Appellee,

v.

Private (E-2) Felipe B. MORALES, Jr., SSN 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, United States Army, Appellant.

SPCM 15989.

U. S. Army Court of Military Review.

22 Jan. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel Jerome E. Kelly, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of one specification of striking a superior commissioned officer, two specifications of striking a superior noncommissioned officer, and one specification of assaulting a superior noncommissioned officer by offering to strike him with a chain, in violation of Articles 90 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 891 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for four months, partial forfeitures for two months, and reduction to Private E–1. The convening authority approved the sentence.

Although there was a pretrial agreement, it did not affect the sentence because the adjudged sentence was less than the agreed sentence. Nevertheless, the appellant contends that the findings and sentence must be set aside because of "the military judge's failure to *sua sponte* correct the trial and defense counsels' misinterpretation and misstatement of the law in regard to pretrial agreements." The appellant argues that counsels' interpretation of the law in this case amounted to a requirement, contrary to public policy, that the appellant forego the making of motions in order to obtain the benefit of the sentence limitation in his pretrial agreement. *See United States v. Holland*, 1 M.J. 58 (C.M.A.1975).

The written agreement in this case contains no language prohibiting the appellant from making motions. However, after the arraignment the trial defense counsel made the following statement:

Your Honor, prior to entering pleas, the defense would like to have the court, together with trial counsel to examine whether or not Specification 3 of Charge II states an offense. We will—have agreed to plead guilty to all Specifications and Charges and we intend to enter such a plea. However, such a plea would be a waste of time if that specification were to turn out not to state an offense.

Counsel for both sides agreed that if the specification was dismissed the appellant would not be able to comply with the pretrial agreement, which specifically enumerated the charges and specifications to which he was required to plead guilty. The military judge expressed some doubt about the sufficiency of Specification 3 of Charge II but did not rule on it. Instead he suggested that the trial counsel and defense counsel attempt to work out an amendment to the specification. Thereafter, the trial counsel and defense counsel agreed to an amendment to the specification, the appellant waived swearing and service of the charge and stated that he had no further motions. The appellant then pleaded guilty to all charges and specifications including the amended Specification 3 of Charge II.

All parties were under the impression that the government would be released from the pretrial agreement if Specification 3 of Charge II was dismissed for failure to state an offense, because the appellant would then be unable to plead guilty as he had agreed. We believe that the parties correctly interpreted the legal effect of the pretrial agreement. However, we disagree with the appellant's contention that the agreement, as interpreted by the parties, violates public policy.

Public policy is violated by "contractual type documents which forbid the trial of collateral issues and eliminate matters

which can and should be considered below, as well as on appeal...." *United States v. Cummings*, 17 U.S.C.M.A. 376, 380, 38 C.M.R. 174, 178 (1968). The evil in such provisions lies in the fact that they impose a "halter on the freedom of action of the military judge" and hamper the defense counsel's ability to faithfully serve his client. *United States v. Holland, supra* at 60. There are many issues which are not waived by a guilty plea but which may be waived if not raised at the trial. *See, e.g., United States v. Tibbs*, 15 U.S.C.M.A. 350, 35 C.M.R. 322 (1965) (speedy trial); *United States v. Huggins*, 12 M.J. 657 (A.C.M.R. 1981) (multiplicity). Some of those issues such as speedy trial are difficult to adjudicate on appeal if the issue is not factually developed at the trial. Accordingly, public policy requires that the defense not be coerced into foregoing any opportunity to litigate jurisdictional or collateral issues at the trial level.

 The *Holland* case requires that an accused be permitted to litigate a motion to dismiss and, if unsuccessful, plead guilty with the protection of a pretrial agreement. The *Holland* rule requires that an accused be given the tactical option of attempting to "beat the deal" by attacking one or more specifications while preserving the option of pleading guilty with the protection of the pretrial agreement if the attack is unsuccessful. However, *Holland* does not require that the accused be permitted to claim the benefits of a pretrial agreement while pleading guilty to less than the agreement requires. Accordingly, we conclude that the pretrial agreement in this case does not violate public policy.*

The appellant also contends that Specification 3 of Charge II as amended does not state an offense. The specification alleges that the appellant "did, at Coleman Barracks, on or about 0600 hours 13 November 1980, assault Staff Sergeant Howard D.

Jenkins, his superior noncommissioned officer, who was then in the execution of his office, by swinging a chain in his hands and saying to Staff Sergeant Howard D. Jenkins 'Come out here SGT (sic) Jenkins, you motherfucker, I got something for your ass,' or words to that effect." The trial defense counsel did not attack the sufficiency of the amended specification. We believe that the amended specification is sufficient to allege an assault, that it fairly apprised the appellant of the offense charged, and that it protects him from further prosecution. *See United States v. Whyte*, 1 M.J. 163 (C.M.A.1975); *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953).

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge O'DONNELL concur.

---

* We agree that our holding could force an accused to make a difficult tactical choice in some cases. However, it is not *per se* contrary to public policy to require an accused to make difficult tactical decisions at trial. For example, an accused who chooses to keep the protection of a pretrial agreement by pleading guilty must forego appellate review of issues such as the lawfulness of a search. *See United States v. Hamil*, 15 U.S.C.M.A. 110, 111, 35 C.M.R. 82, 83 (1964).