UNITED STATES, Appellee,

v.

Private First Class Ralph R. MEYER, SSN 500–78–9476, United States Army, Appellant.

SPCM 17176.

U. S. Army Court of Military Review.

12 Nov. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain David M. England, JAGC, and Captain Paul J. Moriarty, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Glenn D. Gillett, JAGC, and Captain David A. Brown, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

Contrary to his pleas, the appellant was convicted of wrongful solicitation to purchase marijuana and wrongful possession of marihuana. He was acquitted of an attempt to sell marihuana, a wrongful transfer of marihuana and a wrongful use of

marihuana. His approved sentence consists of a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $300.00 pay per month for six months and reduction to the grade of Private E–1.

Appellant's two assignments of error center upon the correctness of the military judge's admission of an out-of-court statement of one Owens, a government witness. This non-immunized witness, called by the government in the belief that he would testify as to all of the offenses, unexpectedly refused to testify about any of them, claiming his right against self-incrimination. The judge, without further inquiry of the witness, commented that the specifications against the accused on their face validated the witness's claim.[1] He thereupon excused the witness. Later, the government, citing Military Rule of Evidence 804, successfully moved into evidence Owens's sworn statement taken by the Criminal Investigation Division after he was apprehended with the appellant and a third person in Owen's and appellant's smoke-filled room. At the same time, there were found three partially burned marihuana cigarettes in an ashtray and a large plastic bag of marihuana in a nightstand.[2] The appellant's objection to the admission of Owens's statement was overruled.

The theory advanced by the government both at trial and before us is that the witness became non-available when he asserted his right against self-incrimination, thus allowing the admission of his prior out-of-court statement under M.R.E. 804 as an exception to the rule against hearsay. The appellant challenges whether the requirements of admissibility under M.R.E. 804 were met and, in any event, claims the judge's action violated his Sixth Amendment right to confront and cross-examine adverse witnesses.

1. The witness was named as the person who was solicited to purchase in that specification. He was not named in any of the other specifications.

2. The nightstand also contained numerous personal items belonging to the appellant, including personal mail. Further, his platoon sergeant, who was familiar with who utilized what furniture in the room, identified the nightstand as that used by the appellant.

We first address the issue of whether it matters that Owens's statement may have been improperly admitted. We are absolutely satisfied that the admission of the statement played an inconsequential part in the appellant's conviction for possession of marihuana. However, there can be no doubt that the statement was central to his conviction for solicitation. Indeed, outside of the slight corroboration afforded by the existence of the large bag of marihuana, the sole evidence of the solicitation was Owens's statement.

■ Turning to merits of his issue, we hold for the appellant. While both the rule against hearsay[3] and the Confrontation Clause of the Sixth Amendment to the United States Constitution are "generally designed to protect similar values", *California v. Green*, 399 U.S. 149, 155, 90 S.Ct. 1930, 1933, 26 L.Ed.2d 489 (1970), the principles in each one are not necessarily congruent. *Id., United States v. McConnico*, 7 M.J. 302, 305 (CMA 1979). Obviously then, while the standards are not antagonistic, the fact that a given item of evidence is sufficiently trustworthy to satisfy an exception to the rule against hearsay does not necessarily mean that its admission will also satisfy the requirements of the Confrontation Clause. The corollary is that where the evidence is not admissible under any of the exceptions to the rule against hearsay, whether its admission would offend the Confrontation Clause becomes moot.[4]

We move to a consideration of M.R.E. 804. The government's theory of threshold admissibility and the theory upon which the hearsay was admitted was that the declarant was unavailable in the sense of M.R.E. 804(a)(1), he having been exempted by the

military judge from testifying on the ground of privilege.[5] Certainly, the government cannot assert that *any* exemption ruling by the judge automatically satisfies this requirement whether the ruling is correct or not. Like so many interlocutory rulings, the proper test would be for an abuse of his discretion. We find such an abuse here. First, we cannot agree with the trial judge that the charges and specifications on their face demonstrate the validity of the witness' claim. The witness' name was conspicuously absent from any of the specifications except for the one alleging that the appellant solicited the witness to purchase. Unless we are to assume that the witness succumbed to the solicitation, he would not place himself in jeopardy by answering questions pertaining to that subject matter. Obviously, he cannot be compelled to disclose this fact in order to claim the privilege. Likewise, we see no duty on the trial defense counsel to work to prove or disprove the validity of the government witness' claim of privilege prior to any attempt by the government to use the witness' "unavailability" as a springboard to admit a prior out-of-court statement of the witness/declarant. The burden is solely on the government to establish either the validity of the claim of privilege or the intransigence of the witness (or that the other qualifications for unavailability are met) before the witness/declarant's statement may be admitted. With the advantage of the prior statement, the government was certainly in a position to make an offer of proof as to how the witness could be expected to testify to aid the military judge in his determination of the validity of a claim of privilege.

---

3. Military Rule of Evidence 801, Manual for Courts-Martial, United States, 1969 (Revised edition).

4. Actually, *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) instructs that the Confrontation Clause is not offended by the introduction of third-party hearsay provided the hearsay possesses some "additional indicia of reliability". *United States v. McConnico*, 7 M.J. 302 (1979). Apparently, the Court of Military Appeals, however, expressly has been un-

willing to define the requisite quality of such indicia. *Id.* at 309.

5. Undoubtedly, the judge viewed Owens much like an accused who, at his trial, may either testify or not with regard to a given subject matter. A witness, on the other hand, does not have that choice except that, on a question-by-question basis, he may claim his right against self-incrimination and refuse to answer. *See* McCormick, Evidence § 122 (1954).

On appeal now, we use this same prior statement to test that validity. The statement addresses two series of events separate in time. The first occurred at approximately 0730 hours in the barracks room shared by the declarant and the appellant. Apparently, the appellant had a plastic bag of marihuana in his hands and asked the declarant whether he wanted to buy some marihuana. The declarant declined. The second series commenced at approximately 1800 hours in the same room. The declarant entered his room to find the appellant again holding the bag of marihuana and looking at it. The declarant departed but returned about 1945 hours to find the appellant and a visitor watching TV and smoking a marihuana cigarette. The visitor passed the cigarette to the declarant. He took a puff and passed it to the appellant whereupon there was a knock at the door and they were all apprehended.

Clearly there must be some limit to how many separate chronological events involving separate offenses can be linked-up into a single claim of right against self-incrimination. The test is whether the witness is asked a question the answer to which would forge a link in a chain either tending to incriminate him or leading to evidence that would tend to incriminate him.[6] *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). There can be no doubt that Owens could not have incriminated himself by testifying about the 0730 hours solicitation. Accordingly, he was not unavailable in the sense of M.R.E. 804(1)(1) and there is likewise no doubt that the military judge abused his discretion in precipitiously finding him unavailable.

Furthermore, we find Owens's statement, in the context of this case, to be totally self-serving. He had been apprehended in his marihuana smoke-filled room with two other persons, three "roaches" in an ashtray and a large quantity of other marihuana present. His statement concerning the solicitation to purchase would tend to cement the marihuana's ownership and possession exclusively in the appellant. It therefore lacks the guarantees of trustworthiness that statements against penal interest normally furnish. Owens's statement as regards his own guilt admitted little more than was readily apparent at the time of his apprehension—he had used and perhaps transferred a "roach". As it pertained to the appellant, the statement did *not* "at the time of its making so far [tend] to subject the declarant to ... criminal liability ... that a reasonable person in the position of the declarant would not have made the statement unless the person believed it to be true". M.R.E. 804(b)(3). For the same reasons, it fails to meet the requirements for admissibility under M.R.E. 804(b)(5). Holding as we do, we do not reach appellant's claim of error under the Sixth Amendment.

While a rehearing could be authorized for the affected specification, in the interest of judicial economy, we instead will dismiss it and reassess the sentence for the remaining specification and the charge.

The finding of guilty of Specification 1, Charge II, is set aside and the specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for four months and reduction to the grade of Private E–1.

Senior Judge MELNICK and Judge McKAY concur.

---

**6.** This same notion of testing the validity of a claim of privilege question-by-question in order to determine "unavailability" question-by-question, applies with equal force to determine whether the various segments of an M.R.E. 804(b)(3) statement are statements against penal interest. *See United States v. Marquez,* 462 F.2d 893 (2d Cir.1972).