**UNITED STATES, Appellee,**

v.

**Specialist Four Jose A. VEGA–CANCEL, SSN 582–19–9058, United States Army, Appellant.**

**CM 442978.**

U.S. Army Court of Military Review.

31 Jan. 1985.

---

Captain Vivian B. Wiesner, JAGC, argued the cause for the appellant. With her on the brief were Colonel William G. Eckhardt, JAGC, and Rita R. Carroll, JAGC.

Captain David A. Brown, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Glenn D. Gillett, JAGC.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT AND ACTION ON PETITION FOR NEW TRIAL

PER CURIAM:

Appellant was charged with attempted possession, sale and transfer of lysergic acid diethylamide (LSD); conspiracy with Private Kyle Bibbo to transfer and sell marijuana, possession, sale, and transfer of a hallucinogenic drug; possession, sale, and transfer of marijuana; and solicitation of Bibbo to sell marijuana and LSD. Contrary to his pleas, appellant was convicted by a military judge sitting as a general court-martial of conspiracy with Bibbo to transfer and sell marijuana, sale of a hallucinogenic drug and sale of marijuana. Appellant was sentenced to a dishonorable discharge, confinement at hard labor for four years, forfeiture of all pay and allow-

ances, and reduction to the grade of Private E–1. The convening authority approved the sentence.

Appellate defense counsel have raised six assignments of error and has filed a petition for new trial. We will discuss only appellant's contention that the military judge erred by admitting an out-of-court statement under Military Rule of Evidence [hereinafter cited as Mil.R.Evid.] 804(b)(3). During an investigation of appellant which occurred before charges were filed, Criminal Investigation Command (CID) agents interviewed and procured a statement from Private Bibbo, appellant's alleged co-conspirator, who had been detained for selling drugs. Bibbo made a sworn statement after a CID agent demanded that he name his supplier. In the statement, Bibbo identified appellant as his supplier, explained that appellant had offered him a share of the profits if Bibbo would agree to handle all sales for him, and admitted that he had sold drugs for appellant "on numerous occasions."

■ At appellant's trial Bibbo was called as a witness for the Government. The military judge informed Bibbo of his right to remain silent and asked him if he wished to exercise that right. When Bibbo replied in the affirmative, the military judge excused him from testifying without further inquiry or objection from either party. The Government then called Special Agent Robert Lyons as a witness. Lyons testified that he had taken a statement from Bibbo in which Bibbo named appellant as his supplier. Lyons identified the statement summarized above for the court. Upon Lyons' authentication of Bibbo's statement, the Government offered the statement as substantive evidence of the matter contained therein under Mil.R.Evid. 804(b)(3). Defense counsel objected on the grounds that it was not against Private Bibbo's penal interest and that, in any event, introduction of the statement would violate appellant's confrontation rights. The military judge

overruled appellant's objection without comment and admitted Bibbo's statement. Appellant now contends that the military judge erred because Private Bibbo was not "unavailable" under Mil.R.Evid. 804 and because admission of Bibbo's statement violated appellant's Sixth Amendment right "to be confronted with witnesses against him." *See Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). We agree with appellant that Private Bibbo's out-of-court statement was inadmissible under Mil.R.Evid. 804. We therefore find it unnecessary to address the constitutional issue.[1]

■ The Government contends that the Mil.R.Evid. 804 issue was waived because appellant did not specifically object to admission of Bibbo's statement on the basis that the declarant was available. We find no merit to this contention; appellant's assertion of his right to confront Bibbo necessarily challenged the "unavailability" of Bibbo.

■ Military Rule of Evidence 804(a)(1) provides that a witness is unavailable if he is "exempted by ruling of the military judge on the ground of privilege from testifying concerning the subject matter of the declarant's statement." On its face this provision applies to Bibbo, but as we stated in *United States v. Meyer,* 14 M.J. 935, 937 (A.C.M.R.1982), an exemption by a military judge does not satisfy the requirements of Mil.R.Evid. 804(a)(1) unless the exemption is correctly granted. We review such an exemption under an abuse of discretion standard. *Id.* An exemption may be correctly granted only if the military judge makes an effort to verify whether, and to what extent, a valid Fifth Amendment claim exists. The military judge should ordinarily require a witness to claim his privilege on a question-by-question basis. *Id.* at 937 n. 5. Only in those instances where the court finds the witness could "legitimately refuse to answer essentially all relevant questions"

1. "[W]here the evidence is not admissible under any of the exceptions to the rule against hearsay, [the question] whether its admission would

offend the Confrontation Clause becomes moot." (footnote omitted). *United States v. Meyer,* 14 M.J. 935, 937 (A.C.M.R.1982).

may the witness be totally excused. *United States v. Gomez-Rojas*, 507 F.2d 1213, 1220 (5th Cir.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975). In any case, the military judge must attempt to determine the validity of the Fifth Amendment claim to the extent that can be done without requiring the witness to expose the information which the privilege was designed to protect.[2]

■ The record in this case is silent as to the basis for the military judge's determination that Bibbo could validly assert his privilege against self-incrimination. Government counsel at trial, apparently relying on the military judge's excusal of Bibbo, made no offer concerning the validity of the exercise of his privilege. Assuming the military judge did not engage in further inquiry because he had determined that any evidence Bibbo could have provided would have been facially incriminating, we find such a determination unsupported by the record.[3] The record does not indicate that Bibbo's Fifth Amendment rights would have been implicated by questions concerning any representation made to him by Special Agent Lyons during the meeting which produced his statement. At the very least, appellant could have explored possible biases Bibbo may have held against appellant when he made the statement.

■ We find the military judge abused his discretion by failing to investigate Bibbo's assertion of his Fifth Amendment rights. Although the defense counsel specifically expressed concern that he had not had the opportunity to cross-examine Bibbo as to the circumstances surrounding the making of the statement, the military judge did not ascertain whether that opportunity could be given to the defense. We caution military judges that a particularized inquiry into a witness' invocation of his Fifth Amendment rights is necessary to properly apply Mil.R.Evid. 804(a)(1). The military judge must insure that the assertion of the privilege does not extend beyond areas protected by the Fifth Amendment.

■ Since Bibbo's statement was vital to the Government's case, we do not view its admission as harmless error, *i.e.*, that Bibbo's statement did not influence the factfinder or the error had but a slight effect on the resolution of the issues in this case. *See United States v. Barnes*, 8 M.J. 115, 116 (C.M.A.1979). Therefore, a rehearing is required. Our disposition of this case renders appellant's petition for new trial moot.[4]

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

---

2. The Federal courts are in accord with this view. *Brenner v. World Boxing Council*, 675 F.2d 445, 454 (2d Cir.), *cert. denied*, 459 U.S. 835, 103 S.Ct. 79, 74 L.Ed.2d 76 (1982); *United States v. Goodwin*, 625 F.2d 693 (5th Cir.1980); *United States v. Reese*, 561 F.2d 894 (D.C.Cir. 1977); *United States v. Bautista*, 509 F.2d 675 (9th Cir.), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975), *United States v. Gomez-Rojas*, 507 F.2d 1213 (5th Cir.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975).

3. We note the military judge previously sat in Bibbo's trial. The military judge may have relied upon his knowledge gained from Bibbo's trial to make his decision. However, unrevealed and unrecorded reliance upon knowledge gained from outside the record is itself error. *United States v. Conley*, 4 M.J. 327, 330 (C.M.A.1978); *United States v. Thomas*, 18 M.J. 545, 548 n. 1 (A.C.M.R.1984); *United States v. Jamison*, 18 M.J. 540, 544 (A.C.M.R.1984).

4. Likewise, our decision moots appellant's contention that Bibbo's statement was inadmissible under Mil.R.Evid. 804 on the ground that the statement was not adverse to Bibbo's penal interest. Mil.R.Evid. 804(b)(3). We express no opinion whatsoever concerning the merits of this issue. *See, e.g.*, C. McCormick, Evidence § 279 (2d ed. 1972); 4 J. Weinstein & M. Berger, Weinstein's Evidence, para. 804(b)(3)[03] (1975); 5 J. Wigmore, Evidence § 1477 (Chadbourn rev. ed. 1974).